# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL ECHAVARRIA, ) | |
| ) | Case No. 16 C 11118-ADB |
| *Plaintiff*, ) | |
| ) | Hon. Allison D. Burroughs, |
| v. ) | District Judge |
| ) | |
| J. MICHAEL ROACH, *et al.*, ) | |
| ) | **JURY TRIAL DEMANDED** |
| *Defendants*. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT AND SUBSTITUTE A PERSONAL REPRESENTATIVE

Plaintiff ANGEL ECHAVARRIA, by his attorneys, respectfully moves this Court to (a) order counsel for deceased Defendant NORMAN ZUK to identify a personal representative for Mr. Zuk, and (b) substitute that personal representative as a party in this action, pursuant to Federal Rule of Civil Procedure 25, stating in support as follows:

1. Plaintiff filed this lawsuit on June 15, 2016, alleging that the Defendants caused him to be wrongly convicted of a 1994 murder and incarcerated for decades as a result. *See generally* Complaint, Doc. No. 1. All Defendants have now appeared, Doc. Nos. 65 & 68, motions to dismiss have been filed, Doc. Nos. 44, 51, 54, 56, 58, 71 & 78, and they are fully briefed, Doc. Nos. 83 & 86. Discovery has not yet started.

2. On January 27, 2017, counsel for Defendant Norman Zuk filed a notice of Mr. Zuk's death. Doc. No. 89.

3. Plaintiff has conferred with counsel for Defendant Zuk in an effort to identify the appropriate personal representative to be substituted in this action to defend on behalf of Mr. Zuk. Those efforts have been unsuccessful. Counsel for Defendant Zuk has informed Plaintiff's counsel that he does not represent the heirs of Mr. Zuk; that nonetheless he cannot disclose

whether he has communicated with the heirs of Mr. Zuk about this litigation or the appointment of an appropriate personal representative; that he cannot provide any information about whether an estate has or will be opened for Mr. Zuk; and that he cannot provide contact information for Mr. Zuk's heirs. *See* Exhibit A (Correspondence between Art and Rogal).

4. Federal Rule of Civil Procedure 25 provides that a motion for substitution must be made within 90 days of service of a notice of death. FED. R. CIV. P. 25(a)(1). That 90-day clock has not yet started running here, because proper service of the notice of death has not yet been effected. Counsel for Mr. Zuk has confirmed that he has not served Mr. Zuk's heirs as required by Rule 25. *See* Exhibit A (correspondence between Art and Rogal, Mar. 15, 2017); FED. R. CIV. P. 25(a)(3) (requiring that interested non-parties, such as Mr. Zuk's heirs, be served as provided in Federal Rule of Civil Procedure 4); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2003) (noting that the clock to substitute does not begin to run until interested non-parties receive proper service).

5. Typically, service of a notice of death on heirs of a deceased party gives the heirs notice of the pending litigation and simplifies substitution of the estate or another appropriate personal representative. Because counsel for Defendant Zuk has not served the notice of death and has otherwise been unwilling to provide information about Mr. Zuk's heirs, his estate, or the appropriate representative party in this case, Plaintiff has not been able to serve Defendant Zuk's heirs and he cannot determine the proper interested party to substitute.

6. Accordingly, Plaintiff brings this motion, within 90 days of the notice of death, in an effort to identify and substitute a proper party defendant for Defendant Zuk.

7. The constitutional and state-law claims alleged by Plaintiff survive the death of Defendant Zuk. *E.g.*, *Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410

F.Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts should treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under Mass. Gen. Laws ch. 228 § 1) (citing *Mellinger v. Town of West Springfield*, 515 N.E.2d 584 (Mass. 1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024-25 (D. Mass. 1985)).

8. Massachusetts law provides that an executor or administrator of an estate may appear or be compelled to appear to defend in civil proceedings in these circumstances. Mass. Gen. Laws ch. 228 § 5. Plaintiff's attorneys have been unable, without the assistance of counsel for Defendant Zuk, to determine if an estate is being opened for Mr. Zuk. Mr. Zuk died in Essex County, Massachusetts, and a search of public court records does not reveal an estate being opened or a will being filed in that county as of the date of this filing. As best Plaintiff can tell based on public records, Mr. Zuk passed away unmarried and with a single child, Andrew Zuk, who lives somewhere in California.

9. If an estate is opened, the estate would be the proper party to substitute for Defendant Zuk. If an estate is not opened, then in Plaintiff's view an appropriate personal representative for Defendant Zuk should be identified and appointed, either by order of this Court or in state court, and substituted here to defend the lawsuit.[1]

10. Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). Accordingly, Plaintiff respectfully requests that this Court (a) order counsel for Defendant Zuk to

---

[1] District courts elsewhere, when consistent with state law, have appointed special administrators to defend suits in the circumstances present here. *E.g.*, *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983."); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012) (appointing spouse in representative capacity).

identify a personal representative for Mr. Zuk, and (b) substitute that personal representative as a party in this action.[2]

WHEREFORE, Plaintiff respectfully requests that this Court (a) order counsel for Defendant Zuk to identify a personal representative for Mr. Zuk, and (b) substitute that personal representative as a party in this action pursuant to Federal Rule of Civil Procedure 25.

                                        RESPECTFULLY SUBMITTED,

                                        **ANGEL ECHAVARRIA**

                        BY**:**    /s/ Steven Art
                                        *One of Plaintiff's Attorneys*

Arthur Loevy\*
Jon Loevy\*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes\*
Steven Art\*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
\*Admitted pro hac vice

---

[2] Pursuant to Local Rules 7.1 and 37.1, Plaintiff's counsel hereby certifies that a discovery conference lasting 20 minutes was held by telephone on all issues described in paragraphs 3 and 4 of this memorandum on the afternoon of March 15, 2017, before and after which there was correspondence between counsel on the same issues, which has been produced as Exhibit A to this memorandum.

4

## CERTIFICATE OF SERVICE

I, Steven Art, an attorney, hereby certify that on April 26, 2017, I filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO APPOINT AND SUBSTITUTE A PERSONAL REPRESENTATIVE using the Court's CM/ECF system, which effected service on all counsel of record.