

## DROHAN, HITT & HADAS LLC

**John R. Hitt**

**617-377-4367 (Main)**
jhitt@drohanhitt.com

January 22, 2018

Honorable Allison Burroughs
United States District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA  02210

Re: *Echavarria v. Roach, et al.*, 16-CV-11118

Dear Judge Burroughs:

Defendant, the City of Lynn, provides this letter in opposition to the letter-motion of Plaintiff filed on January 18, 2018, concerning the redaction of limited information deemed confidential by Massachusetts law. For the reasons set forth below, the Court should deny the requested relief.

*Background.* On or about November 15, 2017, the City provided, as part of its initial disclosures, 459 pages of documents comprising the Lynn Police Department's file concerning the murder investigation of Daniel Rodriquez. As clearly and repeatedly indicated to Plaintiff, the only information that has been redacted is information of nonparties (that is, every person except the Plaintiff in this civil case) that the City is required not to disclose voluntarily based on Mass. G.L. c. 6, §§ 172 (the Massachusetts Criminal Offender Record Information ["CORI"] Law) and its implementing regulations, Mass. G.L. c. 41, § 97D (confidentiality, among other things, of records concerning domestic violence), and Mass. G.L. c. 93H (Massachusetts Data Privacy Law). Far from "hiding information," as asserted by Plaintiff at page 1 of his letter, the City has provided a wealth of information, voluntarily, and has indicated clearly what information has been redacted and why it was redacted.

During the course of amicable correspondence back and forth between Plaintiff's counsel and counsel for the City, between December 19, 2017 and January 16, 2018, counsel discussed the issue of the redactions and the applicability of the Stipulated and HIPPA Qualified Protective Order entered in this case on December 6, 2017. Docket #123. In particular, the City noted that paragraph 13.2 of the Order, entitled "Information Protected From Disclosure By Law" provided that "[n]othing in this Order requires a Party to disclose information that is otherwise prohibited from disclosure pursuant to the laws of the Commonwealth of Massachusetts, including, but not limited to, Mass. G.L. c. 6, § 172, Mass. G.L. c. 41, § 97D, Mass. G.L. c. 93H, or other similar

laws." Meanwhile, Plaintiff took the position that the paragraph 13.2 did not apply to the redacted information.

During the back-and-forth, Plaintiff was also informed that of the "194 . . . totally or heavily redacted" pages, (Plaintiff's Letter of January 18, 2018 at 1), most, if not all, of those pages were pages that appeared to contain CORI of nonparties. In particular, Plaintiff was informed that most of the pages appeared to be 1990's era computer print-outs from the Criminal Justice Information System, LPD arrest history system, or similar databases containing criminal offender records information.[1] Additionally, Plaintiff was informed that, although his information was being provided in unredacted form, the CORI information of nonparties was not.

Also, as to the "approximately 55 other pages contain[ing] partial redactions," Plaintiff's Letter at 1, Plaintiff was informed that many of those redactions were to remove social security numbers, dates of birth, and financial account information, and other personal identifying information in accordance with Mass. G.L. c. 93H, the Massachusetts Data Privacy law. Again, Plaintiff was informed that, although his information was being provided in unredacted form, the personal data of nonparties was not. Finally, Plaintiff was also informed that a small number of pages (what appear to be three in total, and two of the pages appear to be the same document with slight variations) appeared to involve domestic violence records of nonparties made confidential by Mass. G.L. c. 41, § 97D, which is discussed below.

Although counsel for the City has acknowledged why Plaintiff may want unfettered access to the investigative file, Plaintiff has not served any document request. Nor has he served even a targeted document request seeking the production, for example, of documents concerning particular nonparties he believes, based on his criminal case, might have constituted exculpatory evidence withheld him at the time of discovery in his criminal case. Rather, Plaintiff takes the strained position that the City is affirmatively obligated to just turn over all documents, despite the confidentiality obligations imposed on the City, through its police department, as a holder of the data under state law, because he has filed a civil lawsuit and he wants to see everything.[2]

---

[1] In fact, it was pointed out to Plaintiff that portions of the pages that *were* voluntarily disclosed to Plaintiff, but not redacted stated, for example, "Lynn P.D. Arrest History System" while other pages stated "Warning, Warning….This information is CORI." Email of John Hitt to Mark Loevy-Reyes of December 26, 2017 and attachment thereto (not attached to this letter).

[2] As to Plaintiff's characterization of conversations between counsel, the City's attorney did not "advise[] Plaintiff that an order from th[e] Court to produce [] documents could allow it to produce the documents without redaction . . . ." Plaintiff's letter at 2. The statement is presumed to be nothing more than inartful wording by Plaintiff's counsel. The Court should not rely on the characterization, which is disputed.

Additionally, Plaintiff has also been informed that a number of the redacted pages may already be in his possession, based on a review of Plaintiff's initial disclosures and what appears to by the wealth of information assembled by his team of lawyers and others acting on his behalf, including, but not limited to the New England Innocence Project and the Shuster Center for Investigative Journalism at Brandeis University. Further, Plaintiff has been informed that CORI of nonparties may be obtained through the procedure set forth at 803 Code Mass. Reg. § 2.07(3) and (3)(d).[3]

*Law.* *1. CORI.* "Criminal Offender Record Information (CORI)" is defined, among other things, as:

> Records and data in any communicable form compiled by a Massachusetts criminal justice agency which concerning an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings . . . .

803 C.M.R. § 2.02 (2/24/17); accord Mass. G.L. c. 6, § 167. Additionally, a "criminal justice agencies" to which the CORI statute applies are defined, in relevant part, as "those agencies at all levels of government which perform as their principal function, activities relating to (a) crime prevention . . . ; (b) the apprehension, prosecution, adjudication, incarceration, or rehabilitation of criminal offenders . . . ." Mass. G.L. c. 6, § 167.

The CORI law, c. 6, § 172, addresses how CORI may be used and to whom and how it may be disseminated. The language of section 172 does not appear to permit disclosure of CORI of nonparties to Plaintiff in the manner suggested by Plaintiff in his letter.

*2. Personal Data Protected by Mass G.L. c. 93H.* The Massachusetts Data Privacy Statute protects from disclosure "personal information" which is defined, in relevant part as

> "a resident's first name and last name or first initial and last name in combination with any 1 or more of the following data elements that relate to such resident:
> (a) Social Security number;
> (b) driver's license number or state-issued identification card number; or
> (c) financial account number, or credit or debit card number . . . .

---

[3] Section 2.07, as amended February 24, 2017, is entitled "Special Categories for CORI Access." Subpart (3) of the regulation sets forth the procedure to be followed when an attorney wants to "access CORI information relating to a client or a non-client." Further, subpart (3)(d) provides that "[a]n attorney seeking to obtain a non-client's CORI, beyond what is available *via* Open Access to CORI, for litigation purposes shall submit a valid, signed court order directly to the DCJIS." (http://www.mass.gov/eopss/agencies/dcjis/803-cmr-2-00-final-april-2017.pdf) The CORI-access regulation for non-party CORI does not appear to address the scenario faced here where the holder of the CORI is a local law enforcement agency and not the DCJIS.

Letter to Court of January 22, 2018
Page 4 of 6

Mass. G.L. c. 93H, § 1. Further, the statute broadly defines an "agency" as "any agency, executive office, department, board, commission, bureau division or authority of the commonwealth, or any of its branches, or of any political subdivision thereof."

As an "agency" that "maintain[s]" "personal information," c. 93H, § 1, appears to impose a duty on the City to not permit the "unauthorized acquisition or unauthorized use of unencrypted data . . . ," which the statute deems to be a "breach of security." The statute, however, does not explicitly define what constitutes "an unauthorized acquisition or unauthorized use" of data. However, the statute imposes on an "agency" that "maintains or stores . . . personal information . . ." a duty to report a disclosure of such information to "an unauthorized person" or for use for "an unauthorized purpose . . . ." c. 93H, § 3. The statute does not appear to contain any exemption for the disclosure of protected personal information of nonparties held by an agency for purposes of civil discovery. The issue also does not appear to be addressed in the implementing regulations, which appear at 201 C.M.R. §§ 17.00 *et seq.*

 3. *Confidentiality of Domestic Violence reports and records under Mass. G.L. c. 41, § 97D.* Massachusetts law provides that:

> *All reports* of rape and sexual assault or attempts to commit such offenses, *all reports of abuse perpetrated by family or household members*, as defined in section 1 of chapter 209A, *and all communications between police officers and victims* of such offenses or abuse shall not be public reports and *shall be maintained by the police departments in a manner that shall assure their confidentiality*; provided, however, that all such reports shall be accessible at all reasonable times, upon written request, to: (i) the victim, the victim's attorney, others specifically authorized by the victim to obtain such information, prosecutors and (ii) victim-witness advocates as defined in section 1 of chapter 258B, domestic violence victims' counselors as defined in section 20K of chapter 233, sexual assault counselors as defined in section 20J of chapter 233, if such access is necessary in the performance of their duties; and provided further, that all such reports shall be accessible at all reasonable times, upon written, telephonic, facsimile or electronic mail request to law enforcement officers, district attorneys or assistant district attorneys and all persons authorized to admit persons to bail pursuant to section 57 of chapter 276. Communications between police officers and victims of said offenses and abuse may also be shared with the forgoing named persons if such access is necessary in the performance of their duties. A violation of this section shall be punished by imprisonment for not more than 1 year or by a fine of not more than $1,000, or both such fine and imprisonment.

Letter to Court of January 22, 2018
Page 5 of 6

Mass. G.L. c. 41, § 97D (emphasis added). The statute creates a duty of confidentiality that does not contain an exemption for the disclosure of such information concerning nonparties in the context of civil discovery in a case like this.

*Argument.* The investigatory records at issue here raise a nettlesome issue of law. Each of the three state statutes at issue imposes, at a minimum, a duty of confidentiality on the City as the holder of certain information. *See generally,* Mass. G. Evid. Art. 5, Privileges and Disqualifications, Introductory Notes (D) and (F)(5) (2017), at pp. 81-86 (discussing interplay of confidentiality and privilege issues under Massachusetts law); *see also* Mass. G. Evid. § 515 (setting for the investigatory privilege under Massachusetts law) and *District Attorney for the Norfolk Dist. V. Flatley,* 419 Mass. 507, 510-511 (1995)(discussing the workings of the investigatory privilege and the Massachusetts public records law and its exemptions). Presumably, at a minimum, a holder of certain confidential information, particularly a law enforcement agency like the Lynn Police Department, must maintain the confidentiality of such sensitive information gathered in the course of a murder investigation until the data subject waives the protection of confidentiality or a court orders that the confidential information be produced under law.

The cases cited by Plaintiff are not on point. *Harden v. Boston Scientific Corp.,* No. 15-CV-11503, 2017 WL 1396009 (D. Mass. Apr. 18, 2017), addresses only a situation where a CORI data subject who was a plaintiff in a civil case objected to the production of her own CORI to the defendant in the same case. Thus, the dicta in that case, as cited by Plaintiff, must be read in the context of the facts of that case. The dicta is also weakened by the Court's use of the phrase "[t]o the extent that it matters" in the immediately preceding sentence which further suggests that the point it went on to address did not matter. As such, the dicta should be given minimal weight.

Meanwhile, *Bliss v. Fisher,* 743 F. Supp. 2d 25, 28 (D. Mass. 2010), dealt with the entirely different question of whether the court would recognize a testimonial privilege of a nonparty law enforcement agency, the Massachusetts Inspector General's Office, not to be compelled to provide deposition testimony about its investigation, which it asserted was conducted under a privilege set forth under Mass. G.L. c. 12A, § 3. Unlike here, *Bliss* does not appear to have involved statutorily-imposed obligations to maintain the confidentiality of information concerning nonparties under the CORI law, the data-privacy law, or the domestic violence records law. Rather, the heart of the OIG's argument in *Bliss* was that *its* investigation should be confidential in all respects. 743 F. Supp. 2d at 28. Although the court, in dicta, discussed whether it should adopt a special law-enforcement privilege in the context of that case and what factors should be considered, it ultimately concluded that "such a privilege ha[d] been waived" because the OIG had published a "comprehensive report" of its investigation on its website and had also disclosed further information in a letter to the attorney for another subject of the investigation. 743 F. Supp. 2d at 29-30. Thus, *Bliss* does not address the central issue here: the confidentiality obligations imposed concerning the data of nonparties.

Here, Plaintiff is no longer operating in the context of discovery in his state-court criminal case, which has been *nolle prosequed,* where discovery was governed by different constitutional considerations. This is, obviously, a civil case, and the discovery calculus operates under a different set of considerations. Here, the discovery sought by Plaintiff seeks, in essence, to compel the disclosure of deeply personal information of *nonparties*, e.g., criminal histories (CORI print outs), arrest records (CORI), social security numbers (c. 93H protected data), dates of birth (c. 93H protected data), financial account numbers (c. 93H protected data), and state and federal issued identification numbers (c. 93H protected data). The City understands its legal obligation to be to protect the disclosure of the information, absent a lawful basis permitting its disclosure.

For the reasons set forth above, the Plaintiff's request should be denied.

Respectfully submitted,

/s/John R. Hitt

John R. Hitt
*Counsel for the City of Lynn*

**Certificate of Service**

I, John R. Hitt, Esq., hereby certify that on the 22nd of January 2018, I served a copy of this letter-opposition on counsel registered for CM/ECF in this action by filing this letter through the CM/ECF system.

/s/John R. Hitt