# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

April 20, 2018

Honorable Allison Burroughs
United States District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

RE:   Echavarria v. Roach, et al., 16-cv-11118
      United States District Court for the District of Massachusetts

Dear Judge Burroughs:

Under the Court's Policies and Procedures, Plaintiff objects to Defendants' failure to offer available dates for depositions in this case to proceed. Plaintiff has sent more than two dozen emails asking Defendants to offer dates for the depositions of the individual defendants and third parties, and moreover Plaintiff has agreed to accept every single date that Defendants are willing to offer from the second half of February through the end of July. In response, Defendants have offered a total of ten available dates from the second half of February through the end of July. Given the number of depositions to be conducted in this case—there are ten individual defendants alone, and dozens of other witnesses disclosed by the parties—this is vastly inadequate and prejudicial to Plaintiff's effort to prosecute his claims.

On January 29, 2018 Plaintiff asked for deposition dates in the second half of February and March to begin conducting depositions of the individual defendants and third parties. *See* Group Exhibit A (Jan.29-Feb.26 Correspondence re Depo Scheduling). After repeated follow-ups, Defendants offered a total of three dates through the end of April: March 5 and 7, and April 25. (*See, e.g.*, Ex. A (A. Swaminathan Feb. 22 Email).) Plaintiff accepted all of those dates.[1]

On March 20, Plaintiff asked for additional dates in the first two weeks of May. *See* Group Exhibit B (Mar. 20-Apr. 12 Correspondence re Depo Scheduling). After receiving no response, Plaintiff followed up on March 29, and after again receiving no response, followed up again on April 3, requesting dates through the end of July. Ex. B (A. Swaminathan and G. Horn Mar. 20, Mar. 29 and Apr. 3 Emails). Defendants offered four total dates (and identified individual defendants for three of those dates): May 21, May 22, June 5 and June 6. Plaintiff confirmed all of those dates, and threatened to seek judicial intervention if the defendants did not

---

[1] The first of those depositions was completed on March 5, and unfortunately the March 7 deposition had to be canceled due to a snowstorm in the Boston area.

offer any additional dates through the end of July. Ex. B (G. Horn Apr. 6 Email). Defendants then agreed to schedule two additional defendants—one the week of June 11, and one on July 12. They offered just one other date, July 13, on which a deposition can be conducted. Ex. B (Apr. 6-Apr. 12 Correspondence). In other words, based on Defendants' purported availability, the parties will not even be deposed by the end of July 2018 (notwithstanding the fact that this case was filed in June 2016 and discovery has been ongoing since October 2017).

Part of the problem is the fact that there are four different sets of counsel representing the various defendants. No doubt, it can be difficult to coordinate attorney schedules; that is in part why Plaintiff has committed to accepting every date that Defendants offer. It is also why Plaintiff has consistently asked to reserve dates months out before schedules are booked. But Defendants have failed to make sufficient efforts to ensure that depositions can proceed. Among other things, Plaintiff has implored Defendants to confer among themselves and identify dates on which they can all be available, rather than have one set of defense counsel email proposed dates, only to have another set of defense counsel reject those dates, taking us back to step one. Defendants have failed to do that. Plaintiff has also implored Defendants to confer about dates on which depositions of certain defendants or third parties could go forward even if lead counsel for one set of defendants was not available, *i.e.*, perhaps a colleague or associate (or no one) could attend. Defendants have also failed to do that.

As a result, the parties' ability to complete discovery within the current schedule is in jeopardy. The fact discovery deadline is September 21, 2018. As it stands, by the end of July there will still be at least one individual defendant to depose, as well as Plaintiff, and every single third party. This is untenable. Plaintiff and Defendants have each disclosed dozens of non-party witnesses—indeed, Defendants City of Lynn and John Hollow alone have identified over three dozen non-party witnesses. Of course, not every person disclosed must be deposed, but there are numerous people disclosed who are critical witnesses for whom deposition testimony will be necessary. In addition, there will need to be 30(b)(6) depositions and other depositions related to Plaintiff's *Monell* claims. And there needs to be time to complete follow-up discovery based on information learned during the depositions.  Put simply, the month and a half left in August and September is not enough time to complete all of this (even assuming Defendants were to suddenly offer the ample dates they have refused to offer to date), and as a result Plaintiff will suffer undue prejudice from Defendants' failure to adequately participate in discovery.

For all of these reasons, Plaintiff asks this Court to compel Defendants to offer additional dates through the end of July to conduct the depositions of individual defendants and third parties, or at minimum to grant Plaintiff

Honorable Allison Burroughs
April 20, 2018
Page 3

permission to subpoena third party depositions at the convenience of Plaintiff and the witnesses without consideration of defense counsel's availability.

    Plaintiff brings these issues to the Court after having attempted in good faith to resolve them through consultation with Defendants.

    Thank you for your consideration.

                                          Sincerely,

                                          Anand Swaminathan

cc: counsel of record