# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL ECHAVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:16-cv-11118-ADB |
| v. ) | |
| ) | Hon. Allison D. Burroughs, |
| J. MICHAEL ROACH, JOHN GARVIN, ) | District Judge |
| RAYMOND GUILLERMO, JOSEPH ) | |
| ROWE, NORMAN ZUK, RUSSELL ) | |
| GOKAS, CHARLES LUISE, JOHN ) | |
| SCANNELL, MICHAEL COONEY, ) | |
| JOHN HOLLOW, UNKNOWN ) | |
| OFFICERS OF THE LYNN POLICE ) | |
| DEPARTMENT, UNKNOWN ) | |
| OFFICERS OF THE ) | |
| MASSACHUSETTS STATE POLICE ) | |
| and the CITY OF LYNN, ) | |
| Massachusetts, ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## AMENDED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT the deposition of the following individuals will be taken on the following dates and times, and at the following place, at which you may appear if you so desire. The depositions will be recorded by stenography. As to counsel of record for the Deponents, this is a demand upon to you to produce said Deponents:

| DATE | TIME | LOCATION |
|---|---|---|
| May 16-17, 2019 | 10:00 a.m. EST | *O'Brien & Levine*<br>68 Commercial Wharf<br>Boston, MA 02110 |

As counsel of record for City of Lynn, this is a demand upon you to designate and produce the person or persons designated by the City of Lynn to provide binding testimony on the City of Lynn's behalf on the subject of the City of Lynn's policies, practices, and customs in effect from 1989 to present relating to:

**TOPIC 1**

The person(s) assigned the duties of designing, finalizing, and implementing the policies, practices, and procedures for the City of Lynn Police Department from 1989 to present.

**TOPIC 2**

The policies, practices, and procedures of the Lynn Police Department relating to internal investigations regarding misconduct, including but not limited to the discipline of Lynn police officers who were found to have engaged in misconduct contrary to City of Lynn policies. To the extent that there is variance in the policies and procedures regarding internal investigations of misconduct, this topic is specifically seeking information about investigations of the following types of misconduct: misconduct during the course of an investigation, improper handling of witnesses, failure to disclose exculpatory evidence (including the failure to document alternative suspects), fabrication of inculpatory evidence, suggestive identification procedures, the improper collection and documentation of crime-scene evidence, and failing to document investigation activities.

**TOPIC 3**

The policies, practices, and procedures of the Lynn Police Department relating to the retention policies concerning citizen complaints and citizen complaint investigations. This request includes but is not limited to testimony related to any investigation of civilian complaints alleging any investigatory misconduct by a Lynn Police officer.

**TOPIC 4**

An evaluation of whether the investigation described in Plaintiff's complaint properly complied with the existing polices, practices, and procedures of the Lynn

Police Department as it relates to investigation, handling, collection and documentation of evidence, identification procedures, documentation of investigation activities, and disclosure of exculpatory evidence.

**TOPIC 5**

The policies, practices, and procedures of the Lynn Police Department relating to the method and manner by which supervisors monitor, report, and/or discipline subordinate Lynn Police officers for potential violations of departmental rules or state/federal laws.

**TOPIC 6**

The procedures, practices, protocols, and systems in place to train and supervise Lynn police officers about conducting criminal investigations including, but not limited to the following topics:
  a) conducting and documenting witness and/or suspect interviews including but not limited to Defendant statements recording any such interviews, the administration of *Miranda* warnings, and/or method of questioning/interrogation;
  b) identification procedures (including but not limited to the use of photo books, mug books, photo arrays, line-ups);
  c) use of language translators (including but not limited to ensuring that translators are qualified);
  d) development of evidence during investigations including proscriptions against fabricating and/or creating improper evidence;
  e) documenting activity related to police investigations, writing police reports, and maintaining investigative files;
  f) documentation of persons identified as suspects and/or persons of interest;
  g) the process by which suspect and/or persons of interest are identified, tracked, investigated, and excluded;
  h) the obligation to disclose exculpatory evidence/information, including but not limited to evidence/information related to alternate suspects, persons of interest, and/or any benefit provided to a third-party witness in exchange for information related to an investigation;
  i) the handling and documentation of cooperating witnesses, including but not limited to benefits offered and provided in exchange for information and/or testimony;
  j) collaboration with other law enforcement agencies on investigations;
  k) the collection, preservation, documentation, and testing of crime-scene evidence;
  l) the creation, development, retention, and use of training records, training data, disciplinary/misconduct records, and/or disciplinary/misconduct data

  m) documenting all materials (including but not limited to reports, physical evidence, notes, or photographs) generated as part of an investigation;
  n) documenting the retention of all documents related to a City of Lynn police investigation;
  o) documenting the destruction of all materials (including but not limited to reports, physical evidence, notes, or photographs) related to a City of Lynn police investigation;
  p) the digitalization of materials (including but not limited to reports, physical evidence, notes, or photographs) generated as part of an investigation prior to being destroyed pursuant to the Lynn Police Department destruction schedule; and
  q) documenting/identifying any policies or procedures to track information and materials (including but not limited to reports, physical evidence, notes, or photographs) kept in a City of Lynn police investigation file that is produced to anyone outside of the Lynn Police Department.

**TOPIC 7**

The policies, practices, and procedures in place to determine when sections and/or departments of the Lynn Police Department should retrain officers, and/or issue policy clarifications and/or policy reminders.

**TOPIC 8**

The policies, practices, and procedures of the Lynn Police Department relating to conducting criminal investigations, including but not limited to the following subjects;

  a) conducting and documenting witness and/or suspect interviews including but not limited to Defendant statements recording any such interviews, the administration of *Miranda* warnings, and/or method of questioning/interrogation;
  b) identification procedures (including but not limited to the use of photo books, mug books, photo arrays, line-ups);
  c) use of language translators (including but not limited to ensuring that translators are qualified);
  d) development of evidence during investigations including proscriptions against fabricating and/or creating improper evidence;
  e) documenting activity related to police investigations, writing police reports, and maintaining investigative files;
  f) documentation of persons identified as suspects and/or persons of interest;
  g) the process by which suspect and/or persons of interest are identified, tracked, investigated, and excluded;

h) the obligation to disclose exculpatory evidence/information, including but not limited to evidence/information related to alternate suspects, persons of interest, and/or any benefit provided to a third-party witness in exchange for information related to an investigation;
i) the handling and documentation of cooperating witnesses, including but not limited to benefits offered and provided in exchange for information and/or testimony;
j) collaboration with other law enforcement agencies on investigations;
k) the collection, preservation, documentation, and testing of crime-scene evidence;
l) the creation, development, retention, and use of training records, training data, disciplinary/misconduct records, and/or disciplinary/misconduct data
m) documenting all materials (including but not limited to reports, physical evidence, notes, or photographs) generated as part of an investigation;
n) documenting the retention of all documents related to a City of Lynn police investigation;
o) documenting the destruction of all materials (including but not limited to reports, physical evidence, notes, or photographs) related to a City of Lynn police investigation;
p) the digitalization of materials (including but not limited to reports, physical evidence, notes, or photographs) generated as part of an investigation prior to being destroyed pursuant to the Lynn Police Department destruction schedule; and
q) documenting/identifying any policies or procedures to track information and materials (including but not limited to reports, physical evidence, notes, or photographs) kept in a City of Lynn police investigation file that is produced to anyone outside of the Lynn Police Department.

**TOPIC 9**

The policies, practices, and procedures of the Lynn Police Department relating to Defendant statements, including but not limited to the following subjects:

a) the administration of *Miranda* warnings and waivers;
b) documentation of Defendant statements;
c) audio or video recording of Defendant statements;
d) the use of language translators (including but not limited to ensuring that translators are qualified) during interrogations;
e) disclosure of Defendant statements;
f) the duration and venue of Defendant interrogations;
g) Defendant's access to counsel; and

    h) the process by which an interrogation is terminated

## TOPIC 10

The policies, practices, and procedures of the Lynn Police Department relating to the City of Lynn's retention and destruction schedule, including policies, procedures, and practices related to any document requested by Plaintiff but otherwise identified as being destroyed by the City of Lynn (including the Lynn Police Department).

## TOPIC 11

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the Daniel Rodriguez murder investigation.

## TOPIC 12

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the 1993 Victor Batista attempted murder investigation (Lynn Incident Number 93/20418).

## TOPIC 13

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the Mariano Bonifacio (DOB: 09/30/1962).

## TOPIC 14

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the Gary Sevinor (DOB: 08/02/1956).

**TOPIC 15**

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the Isidoro Rodriguez (DOB: 11/21/1973).

**TOPIC 16**

The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to the Otilo/Socio Rodriguez, brother of Isidoro Rodriguez and Daniel Rodriguez.

**TOPIC 17**

The policies, practices, and procedures of the Lynn Police Department as well as any training relating to the use of confidential informants and/or cooperators, including but not limited to the recruitment, handling, documentation of any activity, promises/benefits offered to confidential informants, testimony, case work, partnerships with other entities, and/or termination of use.

**TOPIC 18**

The policies, practices, and procedures of the Lynn Police Department as well as any training relating to conducting multi-jurisdiction investigations (including any relating to investigating homicides) including but not limiting to: (1) documenting work performed in such investigations (2) developing a master investigation file that contains all of the documents generated in the investigation; (3) the chain of command; (4) the applicability of Lynn Police Department policies, practices and procedures; (5) documenting communications and/or information shared between investigators (including those from different agencies); (6) ensuring that information from Lynn police officers is conveyed to investigators from other agencies; (7) identifying and documenting tips or other information learned from police officers or persons not employed by the Lynn Police Department.

**TOPIC 19**

The policies, practices, and procedures of the Lynn Police Department regarding evaluations of its police officers, including but not limited to any standards for evaluating the work performed by Lynn police officers, how those standards are communicated to Lynn police officers, how any evaluations are

communicated to Lynn police officers, how the evaluations are used to improve officer performance and/or correct deficient performance.

**TOPIC 20**

The policies, practices, and procedures of the Lynn Police Department regarding visiting any witness who is held as a prisoner/detainee in any government institution, including but not limited to communicating with that witness' attorney(s), documenting and reporting the complete communications had with/about the imprisoned witness, and/or any benefits offered to the imprisoned witness.

**TOPIC 21**

The policies, practices, and procedures of the Lynn Police Department regarding obtaining criminal histories of suspects, witnesses, or other persons as part of a criminal investigation.

**TOPIC 22**

Incidents between 1989 and the present in which Lynn police officers have been accused of and/or have been found, by the Lynn Police Department, other law enforcement officials, or any court, to have engaged in: failure to comply with Brady obligations; fabrication or suppression of evidence; improper or unduly suggestive identification procedures; or failure to properly document criminal investigations. The witness should also be prepared to testify how such incidents are documented and investigated.

RESPECTFULLY SUBMITTED,

**Angel Echavarria**

BY:   /s/ Mark Loevy-Reyes
         *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Steve Art
Mark Loevy-Reyes
Debra Loevy-Reyes
Gayle Horn
Renee Spence

Anand Swaminathan
Tara Thompson
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
mark@loevy.com

**CERTIFICATE OF SERVICE**

I, Mark Loevy-Reyes, an attorney, hereby certify that on April 1, 2019, I served the foregoing **Notice of Deposition** by electronic mail to all counsel of record.

/s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*