# EXHIBIT C

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

June 14, 2019

*By electronic mail to: jhitt@drohanhitt.com*
John Hitt
Drohan, Hitt & Hadas
50 Federal Street, Suite 208
Boston, MA 02110

Re: *Echavarria v. Roach, et al.*, 1:16-cv-11118-ADB (D. Mass) – Rule 30(b)6) Subpoena.

Dear John:

I am writing to outline the objections raised by the City of Lynn ("the City") during our Rule 37 meet and confer on April 30, 2019, regarding the topics listed in Plaintiff's Rule 30(b)(6) subpoena. Below, please find a summary of our discussion as well as Plaintiff's response to the City's objections. We appreciate your willingness to work with us to resolve these issues.

_____

**Objections**:
- Timeframe: The City objected to the timeframe (1989 to present) set out in Plaintiff's Rule 30(b)(6) notice as being too broad. Plaintiff explained that the timeframe needed to be broad is order to sufficiently establish the policies, customs, and practices in place for the Lynn Police Department during the time of the Daniel Rodriguez homicide investigation. Plaintiff now proposes narrowing the timeframe to 1993-1996, inclusive, if the City is willing to stipulate that the 1993-1996 timeframe is sufficient to establish the Department's policies, customs, and practices for 1993-1996.
    - *Proposed stipulation*: Exclusively for the purposes of evaluating the Lynn Police Department's policies, customs, and practices between November 1, 1993 to December 31, 1996, related to the investigation and handling of murders, attempted murders, home invasions, armed robberies, burglaries, drug trafficking, shootings, assaults, and batteries, it is hereby agreed and stipulated by the undersigned Parties that November 1, 1993, through December 31, 1996, shall be a relevant and sufficient time period for purposes of considering the Lynn Police Department's policies, customs, and practices. The Parties agree that the Parties, their attorneys, and any witness presented at trial in this case, including expert witnesses, will be prohibited from arguing, stating, or suggesting that this time period is insufficient or in any other way infirm for purposes of considering the Lynn Police Department's policies, customs, and practices as they existed between

>November 1, 1993 to December 31, 1996, related to the investigation and handling of murders, attempted murders, home invasions, armed robberies, burglaries, drug trafficking, shootings, assaults, and batteries.

Please let Plaintiff know if the City is willing to agree to this stipulation. If the City has any proposals for how to resolve this issue, Plaintiff is also open to discussing them.

- <u>Scope of crimes to be discussed</u>: The City objected to Plaintiff's Rule 30(b)(6) notice on the basis that the City believes the only relevant crime is homicide. Plaintiff explained that the Complaint puts a number of crimes at issue, specifically murder, attempted murder, home invasion, armed robbery, burglary, drug trafficking, shooting, assault, and battery. These crimes are relevant to both the Daniel Rodriguez murder and the Victor Batista murder attempt by Mariano Bonifacio.

  On November 11, 1993, Bonifacio was accused of attempting to murder Victor Batista, a known drug dealer. The murder attempt took place less than two months before the Daniel Rodriguez murder, and less than one-mile away from the place Daniel Rodriguez was murdered. Bonifacio was ultimately arrested on a warrant for assault and battery with a deadly weapon – a handgun, and attempted murder. Similarly, Daniel Rodriguez was also a known drug dealer and the Rodriguez murder was carried out in the same manner as the Batista attempted murder. Plaintiff was convicted of murder of Daniel Rodriguez, armed assault in a dwelling, armed assault and battery in a dwelling of Isidoro Rodriguez, and armed robbery.

  Based on Plaintiff's convictions, it is imperative that Plaintiff be permitted to obtain testimony about the policies, customs, and practices that governed the investigation of the Rodriguez murder and the crimes Plaintiff was accused of committing. Further, it is Plaintiff's contention that the Bonifacio reports were improperly suppressed as an eyewitness identified Bonifacio as the murderer and these reports were never turned over to the State or the Defense. Consequently, it is important that Plaintiff be permitted to obtain testimony about the policies, customs, and practices that governed the investigation of the Batista attempted murder and the crimes for which Bonifacio was arrested in connection to the Batista case.

  Plaintiff disagrees with the City's position that Officer Roach's deposition testimony is sufficient to establish the Lynn Police Department's policies, customs, and practices at the time of the Batista and Rodriguez investigation. Roach was not a policymaker between 1993-1996, nor has he been identified as a witness who can accurately testify with knowledge about the policies, customs, and practices in place between 1993-1996 for the Lynn Police Department.

2

- Topic clarification:
    - The City objected to Topics 13-16 on the basis that the meaning of the topics was unclear. Plaintiff clarifies his requests here:

        - TOPIC 13 - The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to Mariano Bonifacio (DOB: 09/30/1962).

        - TOPIC 14 - The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to Gary Sevinor (DOB: 08/02/1956).

        - TOPIC 15 - The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to Isidoro Rodriguez (DOB: 11/21/1973).

        - TOPIC 16 - The disposition, including but not limited to the creation, modification, retention, destruction, copies, location and movement, and/or production, of any investigation file, document, or materials (including but not limited to reports, physical evidence, notes, or photographs) related to Otilo/Socio Rodriguez, brother of Isidoro Rodriguez and Daniel Rodriguez.

    - The City objected to Topic 6(a), Topic 8(a), and Topic 9 on the basis that the term "Defendant" was undefined. Plaintiff clarifies that the term "Defendant" as used in Topic 6(a), Topic 8(a), and Topic 9 refers to an individual who has been accused of committing a crime. Therefore, the topics read:

        - Topic 6(a) - The procedures, practices, protocols, and systems in place to train and supervise Lynn police officers about conducting criminal investigations including, but not limited to the following topics: (a) conducting and documenting witness and/or suspect interviews including but not limited to Defendant ("*the criminally accused*") statements, recording any such interviews, the administration of *Miranda* warnings, and/or method of questioning/interrogation.

3

- Topic 8(a) - The policies, practices, and procedures of the Lynn Police Department relating to conducting criminal investigations, including but not limited to the following subjects: (a) conducting and documenting witness and/or suspect interviews including but not limited to Defendant ("*the criminally accused*") statements, recording any such interviews, the administration of *Miranda* warnings, and/or method of questioning/interrogation.

- TOPIC 9 - The policies, practices, and procedures of the Lynn Police Department relating to Defendant ("*the criminally accused*") statements, including but not limited to the following subjects:
    - the administration of *Miranda* warnings and waivers;
    - documentation of Defendant ("*the criminally accused*") statements;
    - audio or video recording of Defendant ("*the criminally accused*") statements;
    - the use of language translators (including but not limited to ensuring that translators are qualified) during interrogations;
    - disclosure of Defendant ("*the criminally accused*") statements;
    - the duration and venue of Defendant ("*the criminally accused*") interrogations;
    - Defendant's ("*the criminally accused*") access to counsel; and
    - the process by which an interrogation is terminated.

Please let me know by **Friday, June 21, 2019**, whether any of the above is summarized incorrectly. Please also let me know by the **same date** when we can confer about each topic and determine the length of the deposition. If there are further objections, please respond in writing by **Friday, June 21, 2019**. We would like to resolve them all by **Friday, June 28, 2019**, so that we can move forward with a Rule 30(b)(6) deposition.

Sincerely,

Renee Spence