# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL ECHAVARRIA, ) | |
| ) | Case No. 1:16-cv-11118-ADB |
| Plaintiff, ) | |
| ) | Hon. Allison D. Burroughs, |
| v. ) | District Judge |
| ) | |
| J. MICHAEL ROACH, *et al.*, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## [PROPOSED] STIPULATION

Plaintiff ANGEL ECHAVARRIA, and Defendant CITY OF LYNN hereby agree to stipulate to the following:

1. The relevant time period for establishing the City of Lynn's policies, practices, or customs in this case shall by January 1, 1993, through December 31, 1996.

2. This stipulation applies to all *Monell* theories asserted by Plaintiff in this case, including theories relating to: (a) the conduct of suspect interrogations and witness interviews; (b) the conduct of identification procedures; (c) the creation, storage, maintenance, and production of investigative files; (d) the suppression of investigative materials; (e) the fabrication of evidence; (f) the collection of evidence; (g) the generation and use of criminal histories; (h) the conduct of multi-jurisdictional investigations; (i) the use of confidential informants and/or cooperators; (j) the obligation to disclose exculpatory and impeachment evidence as mandated by *Brady v. Maryland*, 373 U.S. 83 (1963); (k) citizen complaint investigations; (l) internal investigations regarding misconduct; and (m) the conduct of criminal investigations as they relate to the investigation of homicides, attempted homicides, home invasions, armed robberies,

burglaries, drug trafficking, shootings, assaults, and batteries.

3. The parties agree that for any of the above-listed *Monell* theories, documents produced from the above-stated time period (the "Sample Set") shall constitute a sufficient sample to permit express witnesses and the finder of fact to draw conclusions about: (a) the City of Lynn's policies, practices, or customs; (b) the knowledge of or notice given to final policymakers of the City of Lynn with respect to those policies, practices, or customs; and (c) the City of Lynn's municipal liability under 42 U.S.C. § 1983.

4. The parties agree that the parties, their attorneys, and any witnesses presented at trial, including expert witnesses, will be prohibited from arguing, stating, or suggesting that the Sample Set is not sufficient to permit expert witnesses or fact-finders to draw conclusions about (a) the City of Lynn's policies, practices, or customs; (b) the knowledge of or notice given to final policymakers of the City of Lynn with respect to those policies, practices, or customs; and (c) the City of Lynn's municipal liability under 42 U.S.C. § 1983.

5. The parties agree that the Sample Set represents the City of Lynn's policies, practices, or customs on a City-wide basis.

Dated: September 9, 2019

FOR PLAINTIFF:

/s/ Renee Spence
Renee Spence
*Counsel for Plaintiff*

FOR THE CITY OF LYNN:

/s/
John Hitt
*Counsel for the City of Lynn*