UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| J. MICHAEL ROACH, JOHN GARVIN, | * | Civil Action No. 16-cv-11118-ADB |
| RAYMOND GUILLERMO, JOSEPH ROWE, | * | |
| NORMAN ZUK, RUSSELL GOKAS, | * | |
| CHARLES LUISE, JOHN SCANNELL, | * | |
| MICHAEL COONEY, JOHN HALLOW, | * | |
| CITY OF LYNN, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO COMPEL**

BURROUGHS, D.J.

Currently pending before the Court is Defendant City of Lynn's ("Lynn") motion to compel production of a set of documents referenced in Lines 11–39 of Plaintiff Angel Echavarria's ("Plaintiff") privilege log.  [ECF No. 210].  For the reasons explained herein, Defendant's motion to compel [ECF No. 210] is GRANTED in part and DENIED in part.  Specifically, Lines 17 and 18 are protected as attorney work product.  Plaintiff is ordered to produce Lines 11, 12[1], 12[2], 12[3], 12[4], 13, 14,[1] 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27,

---

[1] Line 14 includes handwritten notes which must be redacted.

28, 29, 30[1], 30[2], 30[3], 31, 32, 33, 34, 35, 36, 37, 38[1],[2] 38[2], 39[1], 39[2],[3] 39[4], and 39[6].[4]

## I.     BACKGROUND

Many of the requested documents were prepared by Brandeis University as part of the Schuster Institute for Investigative Journalism's independent investigation into Echavarria's case.  The documents also include printed copies of email exchanges between Plaintiff's post-conviction attorney, Leslie O'Brien, and members of the Institute.  Plaintiff asserts that all of the documents are protected by the work-product doctrine.[5]  At the November 19, 2019, Status Conference, Plaintiff said that he would provide documents 11–39 in the privilege log for *in camera* review to determine whether they are protected as attorney work product.  The Court gave the general guidance that documents that Plaintiff received from Brandeis would likely not be protected as work product, because they were not prepared in anticipation of litigation.

## II.     DISCUSSION

The work-product doctrine protects materials that lawyers and their agents or representatives prepare in anticipation of litigation.  Hickman v. Taylor, 329 U.S. 495, 510–11 (1947).  Under Federal Rule of Civil Procedure 26(b)(3), "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party and its representative" are protected.  Fed. R. Civ. P. 26(b)(3).  Such materials include "files and mental impressions . . .

---

[2] Line 38[1] includes handwritten notes which must be redacted.

[3] Line 39[2] includes handwritten notes which must be redacted.

[4] Because Lines 39[3] and 39[5] are duplicate copies of other documents and include handwritten notes, they do not need to be produced.

[5] Though Plaintiff's privilege log asserted that the documents were also protected by attorney-client privilege, he abandoned that argument in his briefing.  See generally [ECF No. 224].

reflected, of course, in the interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." Hickman, 329 U.S. at 510.  Witness statements, which are "prepared at the direction of counsel in anticipation of litigation," are also protected as attorney work product.  Diaz v. Devlin, 327 F.R.D. 26, 30 (D. Mass. 2018) (quoting EEOC v. Rose Casual Dining, L.P., 02-cv-7485, 2004 WL 231287, at *2 (E.D. Pa. Jan. 23, 2004)).

"The work product doctrine does not extend, however, to '[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes,' even where those materials are 'prepared by a lawyer and reflect 'legal thinking.'" Quincy Mut. Fire Ins. Co. v. Atl. Specialty Ins. Co., No. 18-cv-11868, 2019 WL 3409980, at *7 (D. Mass. July 29, 2019) (first quoting United States v. Textron Inc. & Subsidiaries, 577 F.3d 21, 30 (1st Cir. 2009), and then quoting Marquez-Marin v. Lynch, No. 3:16-cv-01706, 2018 WL 1358214, at *6 (D.P.R. Mar. 15, 2018) (citing Fed. R. Civ. P. 26)). "[U]nderlying facts contained in materials prepared by an attorney have generally been held to be discoverable." Diaz, 327 F.R.D. at 29.

Plaintiff argues that "[t]here can be little dispute that the materials in Ms. O'Brien's file are there because she was preparing for Plaintiff's litigation, which was her sole objective in the case." [ECF No. 224 at 5].  "[S]election and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product." Sporck v. Peil, 759 F.2d 312, 316 (3d Cir.), cert. denied, 474 U.S. 903 (1985).  "An attorney's selection of documents is . . . protected by the attorney work product doctrine where that selection is based upon a legal judgment and is not intended to be conveyed to an adverse

party." In re Intuniv Antitrust Litig., No. 16-cv-12653, 2018 WL 6492747, at *6 (D. Mass. Dec. 10, 2018).

The relevant documents here fall into four general categories: (1) post-conviction attorney Leslie O'Brien's email communications (including emails to herself); (2) Brandeis Institute memoranda that were drafted before O'Brien began working with the Institute; (3) Brandeis memoranda that were prepared after O'Brien became involved and were often shared directly with her; and (4) undated and unattributed memoranda that cannot be identified.

First, considering the relevant email communications, Lines 17 and 18 include emails between post-conviction attorney O'Brien and the Brandeis Institute, in which O'Brien discusses potential next steps in her litigation strategy. They are therefore protected as work product. Lines 21, 22, 26, 27, 28, 31, and 32, however, are all emails sent to O'Brien and are not protected. Though Lines 22, 26, 27, and 28 are all emails that O'Brien sent to herself, they are forwarded messages from individuals at the Brandeis Institute, and do not contain any of her thoughts or impressions in anticipation of the lawsuit. They are therefore only as protected as the memos themselves.

Second, Brandeis Institute memoranda that were prepared before O'Brien began working on Echavarria's case would not be protected as work product because they were not created in anticipation of litigation and do not reveal O'Brien's litigation strategy. This includes Lines 11, 12[2], 13, 14, 15, 16, 30[3], and 38[2].

Third, Plaintiff claims work-product protection over a number of Brandeis memoranda that were drafted after O'Brien became involved in the case, and were sometimes even shared directly with her. This includes Lines 12[1], 12[3], 12[4], 19, 20, 23, 24, 25, 29, 30[1], 30[2],

33, 35, 38[1],[6] 39[1], 39[2],[7] 39[3],[8] 39[4], 39[5],[9] and Line 39[6].  "Depending on the

circumstances, a document can obtain attorney work product, and thus fall within the protection,

even though a person other than an attorney, such as the attorney's client or agent, drafts the

document."  Blattman v. Scaramellino, 891 F.3d 1, 5 (1st Cir. 2018).  "Thus, the mental

impressions, opinions, or litigation theory of a party's non-attorney employee may qualify as

opinion work-product when the party's non-attorney employee is acting on the party's behalf."

Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., No. 00-cv-0783, 2001 WL

1180694, at *2 (D. Mass. Sept. 25, 2001).  See also United States v. Ary, 518 F.3d 775, 783

(10th Cir. 2008) ("[Work-product] protection also applies to materials prepared by an attorney's

agent, if that agent acts at the attorney's direction in creating the documents." (citing United

States v. Nobles, 422 U.S. 225, 238–39 (1975)).

According to O'Brien's deposition, she had an informal relationship with the Brandeis

Institute.  [ECF No. 224-3 at 22].  She never asked the Institute or its members to conduct any

investigation, but instead hired her own independent private investigator.  [Id. at 33.].  The

Brandeis Institute was therefore not acting as O'Brien's agent or representative in preparing the

memos.  See, e.g., In re Grand Jury Proceedings, 102 F.3d 748, 752 (4th Cir. 1996) ("While the

result of the non-attorney's investigation may have been, and probably was, used by lawyers for

---

[6] Line 38[1] includes unattributed handwritten notes and highlighting.  The memo shall be
redacted to remove the editing.

[7] Line 39[2] includes some handwritten notes which must be redacted.

[8] Line 39[3] is the same memo as Line 25, but includes minimal editing and highlighting.
Plaintiff does not need to redact or provide Line 39[3] given that it is duplicative.

[9] Line 39[5] is the same memo as Line 12[3] and includes notes and highlighting.  Plaintiff does
not need to redact or provide Line 39[5] given that it is duplicative.

the Bank in preparing a defense to the FDIC's claim, the use of the non-attorney's investigation does not negate the fact that he was not hired by any attorney nor worked for any attorney."); Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F. Supp. 491, 511 (D.N.H. 1996) (discussing attorney-client privilege and explaining that "documents prepared by non-attorneys and addressed to non-attorneys with copies routed to counsel are generally not privileged since they are not communications made 'primarily for legal advice.'").  "Much of what [Lynn] seeks is factual information produced by non-lawyers that, while requested by [O'Brien] and other attorneys, does not reveal any insight into counsel's legal impressions or their views of the case." F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d 142, 152 (D.C. Cir. 2015).  The memos are therefore not attorney work product.

Finally, Plaintiff asserts that a number of undated and unattributed memos are protected as attorney work product.  This includes Lines 34, 36, and 37.  Because Plaintiff does not explain why these unattributed notes would be protected as attorney work product, they must be produced.  See Mass. Eye and Ear Infirmary, 2001 WL 1180694, at *2 ("As with the attorney-client privilege, the burden of demonstrating that a document falls within the work-product doctrine rest[s] with the party withholding the document." (citing Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992))).

## III.    CONCLUSION

Accordingly, Lynn's motion to compel [ECF No. 210] is GRANTED in part and DENIED in part.  Specifically, Plaintiff is ordered to produce Lines 11, 12[1], 12[2], 12[3], 12[4], 13, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30[1], 30[2], 30[3], 31, 32, 33, 34, 35, 36, 37, 38[2], 39[1], 39[4], and 39[6], as well as redacted copies of Lines 14, 38[1] and 39[2].

**SO ORDERED.**

December 17, 2019                                   /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE