# Rogal & Donnellan, P.C.

Attorneys at Law

Suite 203
100 River Ridge Drive
Norwood, Massachusetts 02062
(781) 255-1200
Facsimile (781) 255-7750

December 24, 2019

Honorable Allison Burroughs
United States District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:     Echavarria v. Roach, et al.,
        16-cv-11118

Dear Judge Burroughs:

By way of this letter-motion Defendant Estate of Norman Zuk moves to compel Plaintiff to provide further and proper answers to interrogatories.  On July 20, 2018 Defendant served just five interrogatories on Plaintiff.  Three of those interrogatories ask Plaintiff to provide a detailed specification of all evidence which supports specific allegations that Plaintiff has made against Norman Zuk.  Interrogatories Numbers One and Four ask the Plaintiff to "state the basis" for his allegations.

Plaintiff responded on September 14, 2018.  (Response with incorporated interrogatories is attached as Exhibit 1).  The response consisted largely of objections, conclusory allegations, repetition of allegations in the complaint and reference to over five thousand pages of documents.  Each of Plaintiff's responses included an objection premised on the fact that discovery was in its early stages.  Given that response, Defendant elected not to move to compel until discovery had occurred.

As discovery neared completion, Defendant began requesting that Plaintiff supplement his answers.  After a Rule 37.1 conference Plaintiff agreed to supplement.  A signed supplemental response was sent on November 26, 2019.  Attached as Exhibit 2.  The response still references thousands of pages of documents.  It now references hundreds of pages of deposition testimony.[1]  The responses still begin with a repetition of all of the Plaintiff's

---

[1] Each reference to a deposition states that the response is not limited to the specified page numbers.

allegations.  What the responses do not do is respond to the intent of a "state the basis" interrogatory:  they do not identify specific facts which the Plaintiff contends support his allegations.  Discussions with Plaintiff's counsel have reached an impasse, with his counsel asserting that the response is sufficient despite the Court's guidance at the last conference of an appropriate response to a "state the basis" interrogatory.

A review of the response to Interrogatory Number One illustrates the issue.  That interrogatory asks:

> State the basis for your claim that Norman Zuk withheld any exculpatory evidence concerning the shooting of Daniel Rodriquez or the Plaintiff's involvement in that shooting.  As part of your answer identify each exculpatory fact or item of exculpatory evidence that you contend he withheld, describe in detail how each such fact or item was exculpatory and describe in detail why he knew or should have known that each such fact or item was exculpatory.

Although this interrogatory specifically asks about allegations that Norman Zuk withheld exculpatory information, Plaintiff's supplemental response begins with a page long repetition of virtually all of the Plaintiff's allegations against all of the Defendants.  Rather than citing facts which support his allegation that Zuk withheld exculpatory evidence, the response cites the allegations in the Complaint.  Repeating Plaintiff's allegations is the antithesis of stating the basis for those allegations.   In particular:

> --The response alleges that Isidoro Rodriquez "unequivocally identified Mariano Bonifacio as the perpetrator" of the murder of his brother, but it cites to no testimony or document that supports that allegation, let alone shows that Zuk was aware of that identification if it occurred.[2],[3]

> ---The response alleges that evidence at the scene was destroyed or suppressed, but does not identify that evidence, does not identify any specific document or testimony that supports the contention that evidence at the scene was destroyed or suppressed, and does not identify any document or testimony that shows that Zuk had any role in any such destruction or suppression.

> --The response alleges that Bonifacio was being investigated as the perpetrator of Daniel Rodriquez' murder, but does not identify any document or testimony that supports that

---

[2] Norman Zuk responded to the murder scene.   He played little or no role in the subsequent investigation.  Zuk was not present when Isidoro Rodriquez viewed mug books the night of the murder or when he was later shown an array with a picture of Bonifacio, and therefore would have no independent knowledge of what Isidoro Rodriquez said about the mug shot of Bonifacio or the later photo array.  Zuk was not at the trial and there is no evidence that shows he had any interaction with Isidoro Rodriquez.

[3] Discovery has not produced any evidence that Bonifacio was the real murderer.

allegation, let alone that Zuk was investigating Bonifacio for the murder or even knew that Bonifacio was being investigated for the murder.[4]

--The response alleges that Zuk participated in a conspiracy, but does not identify or specify any documents or testimony supporting Plaintiff's contention that there was a conspiracy, let alone any that show Zuk's participation in any conspiracy.

Without turning this into a summary judgment motion the Court should be consider that Defendant is not aware of any evidence to support Plaintiff's allegations, despite being at the end of extensive discovery.  Isidoro Rodriquez, and the officers who were present when he viewed the mug books and subsequent photo array, testified consistently that he said Bonifacio looked like, but *was not* one of the assailants.  Defendant is aware of no testimony or evidence to the contrary.  Similarly, all of those deposed, which includes the ADA prosecuting the case and all living officers involved in the investigation, testified that none of them ever considered Bonifacio a suspect or investigated him as such.  Discovery has also not revealed any evidence that was suppressed, let alone evidence that was destroyed, let alone any document or testimony connecting Zuk to any suppression or destruction.

Interrogatory Number Four asks:

In your Complaint you allege that unnamed Defendants fabricated and falsified evidence, documents and reports, solicited false evidence, and used unduly suggestive or otherwise improper identification procedures.  If you claim that Norman Zuk played any part in any of these alleged improper acts, or knew of these alleged improper acts, then *state the basis* for that allegation.  As part of your answer provide a detailed description of each action of Norman Zuk that played any part in any of these alleged improper acts, including the dates and places of each such act, and identifying all persons present or participating in each act.   If your allegation is that Norman Zuk was aware of any such improper act then identify each improper act and describe in detail your basis for asserting that he was aware that evidence or documents had been falsified, that false evidence had been solicited or that there was any impropriety in any identification.

Plaintiff's supplemental response begins with two paragraphs that are virtually identical to his response to Interrogatory One, repeating all of the allegations of his complaint and citing thousands of pages of documents.  The response does not identify which documents, reports or evidence were fabricated or falsified.  It does not identify any testimony or document that supports the allegation that Zuk falsified or fabricated evidence or documents, knew of any

---

[4] The ADA and the officers involved in the investigation did not consider Bonifacio a suspect because Isidoro Rodriquez said he was not one of the men that shot his brother.  Bonifacio had previously been arrested for allegedly shooting a man named Batista, but the charges were dismissed over a year and a half before Plaintiff's trial.  The only available information on the Batista shooting is a police report.  That report shows that the crimes were totally dissimilar.  Batista was shot once in the stomach when he confronted a group of men about a noise complaint.  Daniel Rodriquez was executed with two bullets in his head as part of a robbery of an apartment where drugs were sold.  The guns were different calibers.

falsification or participated in any conspiracy to falsify or fabricate evidence.  The response states that Zuk was at a line up on March 16, 1994 and alleges that the identification at that line up was "based on fabrications, manipulations, coercion, threats intimidation, *and/or* unduly suggestive identification procedures".[5]  The transcript of that line up shows that ADA Mitchell and both defense attorneys attended, but does not list Zuk as present.[6]  In short, Plaintiff's responses are nothing more than a repetition of conclusory allegations, which completely fail to provide the response that a "state the basis" interrogatory is supposed to produce.

Interrogatory Number Five asks:

Describe in detail all facts which you believe support any contention that Mariano Bonifacio was or might have been a person involved in the shooting of Daniel Rodriquez. As part of your answer describe in detail each fact concerning the shooting with which Bonifacio was charged that is the same or similar to the Rodriquez shooting.  Include in you answer all facts that you contend could have been offered at the Plaintiff's trial as part of a third party culprit defense.

Although this interrogatory does not use the phrase "state the basis" it does specifically require Plaintiff describe all facts in detail regarding this specific issue.  The response is essentially the same as the response to the other interrogatories, including a reference to over 7,000 pages of documents.

Defendant is entitled to a specific factual response to his interrogatories rather than a repetition of the accusations in his Complaint.  These interrogatories ask specifically what Norman Zuk did.  Defendant is entitled to an answer that specifies the facts that support the allegations of misconduct by Zuk, rather than general accusations leveled against all defendants. The intent of a "state the basis" interrogatory, as that term is defined in the Local Rules, is to elicit specific facts and documents which support the Plaintiff's allegation.  Interrogatory Numbers One and Four not only ask Plaintiff to state the basis for two of his allegations of misconduct, but they specifically ask for a detailed description of what Norman Zuk did, and the identification of all facts and documents that support those contentions.  Interrogatory Number Five also asks for specific and detailed identification of facts that support a specific set of Plaintiff's accusations.

As the Court indicated at the last conference, it is improper to respond by referring to thousands of pages of documents.  It is also improper to respond by referring to hundreds of pages of deposition testimony, most of which is completely irrelevant to any action taken by Norman Zuk.  The Court's instruction was apparently lost on the Plaintiff's counsel, who continue to insist that their supplemental response is sufficient.

There has been extensive discovery in this case.  Plaintiff has now had ample time and opportunity to find support for all of the allegations that were made on his behalf.  In fact, his

---

[5] The response does not identify any facts to support those allegations or Zuk's connection to those allegations.

[6] One officer testified that he and Zuk were at the jail but in a different room.

counsel had the advantage of extensive work done prior to filing suit by the Brandeis Institute and by the attorneys that worked on Plaintiff's motion for a new trial.

Defendant therefore moves that Plaintiff be ordered to file revised answers to his interrogatories which specifically support the allegations against Norman Zuk. The responses should not include or repeat accusations. They should identify specific documents which again show actions of Norman Zuk, and not merely list thousands of pages of documents. References to depositions should include, but be limited to pages where the deponent ascribes conduct to Norman Zuk.

Respectfully submitted,
Defendant Andrew Zuk as Representative
Of the Estate of Norman Zuk
By his attorney,

\_\_\_\_/s/ Brian Rogal_____
Brian Rogal, BBO #424920
ROGAL & DONNELLAN, P.C.
100 River Ridge Drive
Norwood, MA 02062
(781) 255-1200
BRogal@RogalandDonnellan.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by the ECF system

December 24, 2019                            \_\_\_\_/s/ Brian Rogal_____.