UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANGEL ECHAVARRIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-11118-ADB |
| | * | |
| J. MICHAEL ROACH, et al., | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Plaintiff Angel Echavarria alleges that Defendants— the City of Lynn, former officers of the City of Lynn Police Department, and former officers of the Massachusetts State Police— violated his civil rights by engaging in unlawful conduct during the investigation that led to his now-vacated conviction for first-degree murder. [ECF No. 1]. Defendants filed seven motions to dismiss, [ECF Nos. 44, 51, 54, 56, 58, 71, 78], which the Court granted in part and denied in part on September 7, 2017 ("Motion to Dismiss Order"), [ECF No. 96]. Currently pending before the Court is Plaintiff's motion for reconsideration of the Court's finding that part of his due process claim was barred by collateral estoppel. [ECF No. 269]. For the reasons set forth below, the motion is <u>DENIED</u>.

I.   **BACKGROUND**

   A.   **Factual Background**

Presuming the parties' familiarity with this case, the Court here details only the facts that are relevant to the instant motion.

In January 1994, Daniel Rodriguez ("Daniel") was shot and killed after two armed men broke into the apartment where he was staying. Echavarria v. Roach, No. 16-cv-11118, 2017 WL 3928270, at *1 (D. Mass. Sept. 7, 2017). In 1996, Plaintiff was convicted for Daniel's murder and sentenced to life in prison. Id. at *2. The conviction was affirmed on appeal by the Massachusetts Supreme Judicial Court ("SJC"). Commonwealth v. Echavarria, 703 N.E.2d 1137, 1141 (Mass. 1998). After spending more than two decades in prison, a Massachusetts Superior Court ruled that Plaintiff was entitled to a new trial based on ineffective assistance of counsel and vacated his conviction. See Echavarria, 2017 WL 3928270, at *2. In June 2015, the Commonwealth of Massachusetts entered a *nolle prosequi*, which dropped all charges against Plaintiff. Id.

As part of the initial murder investigation, and a year after the murder took place, two of the defendants, Lt. Michael Roach and Sgt. Jack Garvin,[1] visited a man named Gary Sevinor in prison. Echavarria, 2017 WL 3928270, at *2. Sevinor was allegedly present in the apartment at the time of Daniel's murder, although Plaintiff maintains that he was not there and police reports from the night of the murder do not identify him as a witness. See id. During the meeting at the prison, Roach and Garvin presented Sevinor with a photo array, and he identified Plaintiff as one of Daniel's killers. Id. Plaintiff maintains that Garvin and Roach used unduly suggestive identification procedures to convince Sevinor to falsely implicate him. Id. This identification was used as evidence in Plaintiff's trial. Id. Plaintiff raised the suggestiveness of Sevinor's identification during his criminal trial and moved to suppress that evidence. Echavarria, 703 N.E.2d at 1139. The trial court denied the motion. Id.

---

[1] Plaintiff concedes that he would be asserting his currently precluded due process claim only against defendants Roach and Garvin. [ECF No. 313 at 7 n.3].

During his appeal, the SJC upheld the trial court's determination that Sevinor's pretrial identification was not "so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny [Plaintiff] due process of law." Echavarria, 703 N.E.2d at 1139 (citation and internal quotation marks omitted).

### B.     Procedural History

Defendants filed their motions to dismiss in fall of 2016 and argued that any § 1983 claim based on the suggestiveness of Sevinor's identification was precluded by the SJC's ruling on that issue. [ECF No. 49 at 24–25; ECF No. 52 at 17–18; ECF No. 57 at 11–12; ECF No. 59 at 4–5; ECF No. 79 at 12–13]. The Court agreed that the claim was precluded and reasoned that

> [t]he SJC recognized the constitutional implications of Plaintiff's challenge to the identification procedure, and nevertheless ruled against him on this issue. Thus, the elements of issue preclusion are satisfied: the issue was litigated and determined by a final judgment, and the determination was essential to that judgment. Accordingly, Plaintiff is precluded from advancing any claim that Sevinor's pretrial identification was unduly suggestive.

Echavarria, 2017 WL 3928270, at *9. Although the suggestive identification theory was dismissed in the Motion to Dismiss Order, Plaintiff was permitted to otherwise pursue his allegations that Sevinor's role as an eyewitness violated his civil rights (*i.e.*, under theories of suppression or fabrication of evidence). Id.

On September 10, 2020, over three years after the Court issued the Motion to Dismiss Order, Plaintiff filed his motion for reconsideration. [ECF No. 269]. Six days later, on September 16, 2020, Plaintiff filed a notice of supplemental authority directing the Court's attention to an opinion from another session of this Court, Schand v. McMahon, 487 F. Supp. 3d. 71 (D. Mass. 2020). [ECF No. 270]. On October 28, 2020, Defendants filed three separate oppositions to the motion for reconsideration. [ECF Nos. 275, 278, 283]. Plaintiff filed his reply on February 9, 2021. [ECF No. 303].

## II.    LEGAL STANDARD

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); see Fed. R. Civ. P. 54(b); Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008) ("[A] district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent."); see also Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders . . . remain open to trial court reconsideration . . . ."). The Supreme Court, however, has cautioned that "courts should be loathe to [reconsider orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). With these principles in mind, "a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis, 89 F. Supp. 2d at 147. "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (alteration in original) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)); see also Sullivan v. Dumont, 391 F. Supp. 3d 161, 164 (D. Mass. 2019) (finding that a motion for reconsideration of an interlocutory order should not be used to advance arguments that could have been raised earlier).

## III. DISCUSSION

Plaintiff asserts that reconsideration is appropriate because: (1) the Court misapplied the standard for issue preclusion in the Motion to Dismiss Order; (2) he has uncovered new evidence during discovery that was not previously available; and (3) there has been an intervening change in the law on the preclusive effect of vacated judgments. [ECF No. 269 at 13–18].

### A.  Clear Error

Plaintiff first contends that the Court's prior ruling contradicts the basic principle of hornbook law that a vacated state court judgment cannot have preclusive effect. [ECF No. 269 at 13–15]. He contends that the state trial court's decision to grant him a new trial vacated his conviction and all appellate decisions related to the underlying conviction.

A defense of issue preclusion requires four elements: "(1) the issues raised in the two actions are the same; (2) the issue was actually litigated in the earlier action; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was necessary to that judgment." Manganella v. Evanston Ins. Co., 700 F.3d 585, 591 (1st Cir. 2012).[2]

To start, although Defendants raised the defense of issue preclusion at the motion to dismiss stage, Plaintiff failed to raise any argument regarding the preclusive effect of a vacated judgment in his opposition to the motion to dismiss. See [ECF No. 83 at 45–46]. The Court questions whether Plaintiff has waived his right to make this argument in a motion for

---

[2] In the Motion to Dismiss Order, the Court applied the Massachusetts standard for issue preclusion. Plaintiff argues that the federal standard for issue preclusion applies here, but also concedes that the outcome would be the same under either standard because both standards require that there be a valid and final judgment. [ECF No. 269 at 14]; see also Kelso v. Kelso, 15 N.E.3d 767, 772–73 (Mass. App. Ct. 2014) (discussing Massachusetts standard). Accordingly, the Court applies the federal law standard that Plaintiff advocates for but agrees that its analysis would be the same under either standard.

5

reconsideration.  Allen, 573 F.3d at 53 ("Motions for reconsideration are not to be used [to] . . . allow a party to advance arguments that could and should have been presented to the district court prior to judgment." (citation and internal quotation marks omitted)).  Setting aside that issue, the Court did not clearly err in finding that the suggestiveness of Sevinor's identification was decided in a final and valid judgment by the SJC.  In the Motion to Dismiss Order, the Court held that the SJC's opinion, not the underlying conviction, was a final and valid judgment on the issue because it specifically addressed the nature of Sevinor's identification.  See Echavarria, 2017 WL 3928270, at *9.  In reaching this decision, the Court relied on Johnson v. Mahoney, 424 F.3d 83, 93 (1st Cir. 2005).  Id.  In Johnson, the First Circuit, while considering a petition for rehearing, rejected the argument that a SJC opinion affirming the conviction was vacated because the underlying conviction was later vacated.  424 F.3d at 96.  The First Circuit noted that the SJC opinion in that case had not been expressly withdrawn or vacated and that the SJC continued to cite the opinion as precedent.  Id.  Although the discussion of this issue was dicta because the First Circuit held that this argument had been waived, the Court continues to find Johnson supportive of its ruling in the Motion to Dismiss Order and the facts to be analogous to the instant case.  Because Plaintiff has not identified any First Circuit or Supreme Court precedent that explicitly holds that an appellate decision cannot have preclusive effect when the underlying conviction is vacated, the Court declines to grant the motion for reconsideration on the basis of clear error.

      Also relevant to the Court's analysis is the fact that the order granting Plaintiff a new trial was not based on the suggestiveness of the identification procedures used with Sevinor and specifically did not upset the SJC's ruling on that point.  Commonwealth v. Echavarria, No. 1994-2407, 2015 WL 1947741 (Mass. Super. Ct. Apr. 30, 2015).  Though Plaintiff made

arguments about the new evidence relating to Sevinor's identification, the superior court declined to consider that new evidence in reaching its ruling and instead relied on trial counsel's failure to call Plaintiff to testify (after promising the jury that he would) and his failure to impeach another eyewitness to the murder. Id. at *9–10, *12 n.6.

In reaching its decision, the Court recognizes that other judges, in this district and others, have reasonably ruled differently on this issue. The Court is also aware, however, that when deciding a motion for reconsideration it "should be loathe to [revisit previous orders] in the absence of extraordinary circumstances." Christianson, 486 U.S. at 817. No such extraordinary circumstances exist here.

Plaintiff next argues that the Court erred in finding that the suggestiveness of Sevinor's identification was actually litigated because (1) the newly discovered evidence that Defendants suppressed or fabricated prevented him from fully and fairly litigating the issue; and (2) the issue in the SJC's opinion is not identical to the issue he raises now. [ECF No. 269 at 15–17; ECF No. 313 at 6]. This argument is essentially a more detailed rehashing of the arguments that Plaintiff raised in his opposition to the motions to dismiss. In that brief, Plaintiff argued that the identity of issues prong was "sorely lacking" and that Defendants should not be permitted to assert issue preclusion when there were allegations that they had suppressed and fabricated evidence. [ECF No. 83 at 45–46]. The Court has already considered and rejected these arguments, and they do not now warrant reconsideration of the ruling on Sevinor's identification.

### B. Newly Discovered Evidence

Plaintiff also contends that the new evidence discovered since the Motion to Dismiss Order was issued provides an independent reason to grant the motion for reconsideration because it demonstrates that Sevinor's identification was suggestive. [ECF No. 313 at 5–6]. Most of the

new evidence Plaintiff identifies, however, is unrelated to Sevinor and therefore is not a basis for reconsidering the Sevinor identification issue. [Id. (discussing suppressed evidence relating to another eyewitness and suppressed evidence regarding another suspect)]. Another portion of the new evidence does relate to Sevinor, [id. at 5 (discussing evidence that Sevinor was not at the crime scene, that a hat connecting Sevinor to the scene was fabricated, and that Sevinor was an informant)], but that evidence is relevant to Plaintiff's broader theories of fabrication and suppression of evidence, which were not dismissed and will be allowed to proceed to trial. The evidence that does specifically relate to Sevinor's identification procedures largely just bolsters allegations in the complaint, which the Court considered at the time that the Motion to Dismiss Order was issued. [Id. (describing the specific coercive techniques and inadequate photo array used with Sevinor)]. In his opposition to the motions to dismiss, Plaintiff alleged that "Defendants again used unduly suggestive techniques or outright coercion to convince Sevinor to falsely identify Plaintiff as one of Daniel's killers." [ECF No. 83 at 8]. At the motion to dismiss stage these allegations were taken as true, but did not change the Court's analysis. Although Plaintiff has now further specified what the coercive or suggestive techniques actually were, that alone does not require the Court to reconsider its prior ruling.

    **C.**    **Change in Law**

Plaintiff asserts that he could not have raised his current arguments in his opposition to the motions to dismiss because courts have only recently decided that "vacated state criminal judgments cannot have preclusive effect in later § 1983 litigation challenging the validity of state criminal proceedings." [ECF No. 313 at 3–4; ECF No. 269 at 13–15]. To support his argument, Plaintiff cites to recent cases from other sessions of this Court, the Sixth Circuit, the District of Colorado, and the Northern District of New York, which have all found that a vacated conviction

8

cannot be a basis for issue preclusion.³  [ECF No. 313 at 3–4].  Fundamentally, Plaintiff contradicts his "change in law" theory by also explicitly arguing that it is a matter of "hornbook" law that a vacated judgment cannot be given preclusive force and citing to decades-old First Circuit precedent to support this point.  [ECF No. 269 at 13–14].  Accordingly, the arguments that he makes now were all available to him at the time that he filed his opposition to Defendants' arguments in support of issue preclusion, but he failed to make them.  As noted above, motions for reconsideration "are not vehicles for pressing arguments which could have been asserted earlier."  Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

Furthermore, the opinions that Plaintiff has identified are not binding on this Court, and the fact that other courts have applied this legal principle differently in the time since the Motion to Dismiss Order was decided does not demonstrate that there has been an intervening change in law that supports reconsideration.  See Martins v. 3PD Inc., No. 11-cv-11313, 2014 WL 1271761, at *3 (D. Mass. Mar. 27, 2014) (declining to reconsider an earlier interlocutory order based on a contrary decision that had since been issued by a different district court).

D.     **Interests of Justice**

Finally, Plaintiff contends that principles of equity and justice require reconsideration.  [ECF No. 269 at 17–18].  Declining to reconsider one discrete legal theory relating to Sevinor,

---

³ Some of the recently decided cases are easily distinguishable because the court did not discuss the preclusive effect of the appellate decision.  See Peterson v. Heymes, 931 F.3d 546, 554-55 (6th Cir. 2019); O'Connell v. Alejo, 2020 WL 1244852, at *4 (D. Colo. Mar. 16, 2020).  Other courts did explicitly find that the appellate opinion confirming the conviction would be vacated along with the underlying conviction.  Cosenza v. City of Worcester, 355 F. Supp. 3d 81, 94 (D. Mass. 2019); Dukes v. City of Albany, 289 F. Supp. 3d 387, 393 (N.D.N.Y. 2018).  Regardless, as noted infra, these cases are not binding on the Court and they do not represent an intervening change in law.

however, will not result in a manifest injustice to Plaintiff. Plaintiff was permitted to pursue other due process theories relating to Sevinor, and the Court has allowed his fabrication and suppression theories relating to Sevinor to proceed to trial against certain defendants. See [ECF No. 335]. Accordingly, there is still ample opportunity for Plaintiff to challenge Defendants' allegedly unlawful conduct vis-à-vis Sevinor.

IV.   **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration, [ECF No. 269], is <u>DENIED</u>.

**SO ORDERED.**

September 30, 2021 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE