IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL ECHAVARRIA, <br><br> Plaintiff, <br><br> v. <br><br> J. MICHAEL ROACH, *et al.*, <br><br> Defendants. | Case No. 1:16-cv-11118-ADB <br><br><br> Hon. Allison D. Burroughs, <br><br> District Judge <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE CITY OF LYNN'S MOTION TO BIFURCATE THE TRIAL**

Plaintiff, Angel Echavarria, by and through his attorneys, responds in opposition to Defendant City of Lynn's motion to bifurcate the trial, and states as follows:

**Introduction**

On September 30, 2021, the Court denied, in part, Defendants Michael Roach, John Garvin, Raymond Guillermo, John Hollow, and the City of Lynn's motions for summary judgment. Dkt. 335. On December 1, 2021, Defendant City of Lynn moved to bifurcate the trial requesting that the Court have one trial for the claims against Garvin, Roach, and Guillermo, and have a second trial for claims against Hollow and the City of Lynn.[1] Dkt. 347 at 1. The Court

---

[1] Although the motion to bifurcate purports to be filed on behalf of the City of Lynn, Ex. A (ECF Notice), now-deceased Defendant Hollow appears to raise an argument in favor of bifurcation, saying that the Court should bifurcate the supervisory liability claims against him because they are duplicative of the *Monell* claims and that he has filed a qualified-immunity appeal, which in his view deprives this Court of jurisdiction. There are a number of problems with this argument.

should deny the City of Lynn's motion because bifurcation in this case would undermine the purpose of Federal Rule of Civil Procedure 42(b): it will not promote convenience, it will waste time and judicial resources, it will prejudice Plaintiff, and could endanger Plaintiff's federal right to a jury trial.

## Background

a. *Relevant Facts*

On January 7, 1994, Daniel Rodriguez was shot and killed in Lynn, Massachusetts. Dkt. 335 at 7. Defendant John Garvin and Defendant Michael Roach were co-lead investigators for the Daniel Rodriguez homicide ("Rodriguez homicide"). *Id.* at 8. At the time of the investigation, Garvin was a Sergeant with the Massachusetts State Police, and Roach was Lieutenant with the Lynn Police Department. *Id.* at 8-9. Defendant Raymond Guillermo, a Lynn Police patrol officer, also participated in the homicide investigation. *Id.* 8-9. In 1994, Defendant John Hollow was the Lynn Police Department's Chief of Police. *Id.* at 9.

---

First, Defendant Hollow is deceased (and had died prior to the filing of the City's bifurcation motion, Dkt. 345) and no personal representative had been named at the time that this motion to bifurcate had been filed. Ex. B (Status Report). Counsel for Defendant Hollow has represented to Plaintiff's counsel (and to the Court of Appeals) that he has no client to represent in these proceedings until a substitution is made. And so it is unclear how Defendant Hollow (or his counsel) can request bifurcation at this point in time.

Second, the argument incorrectly says that supervisory liability and *Monell* are duplicative, when they are not. Dkt. 347 at 8. Hollow's liability is premised on his indifference to the potential for misconduct of the other individual Defendants, and that claim plainly should be tried with the other claims against the individual Defendants.

Third, this Court does not lack jurisdiction over Hollow and the filed appeal should not and will not delay trial. Courts of appeals lack jurisdiction where individual Defendants take qualified-immunity appeals arguing that a district court was incorrect in its view that the summary judgment record showed material disputes of fact for trial, which is precisely what Hollow does, and district courts may certify appeals as frivolous where such arguments are raised on appeal in an effort to delay trial. *Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989).

During the Rodriguez homicide investigation, Garvin, Roach, and Guillermo conducted numerous investigative tasks including going to the crime scene, interviewing witnesses, including the victim's brother and eyewitness Isidoro Rodriguez, conducting identification procedures, learning about and investigating an alternative suspect, and obtaining information from other investigating officers about the Rodriguez homicide. *Id.* at 9-21. Garvin, Roach, and Guillermo also provided in-court testimony about the investigation. *Id.* at 18, 21-22.

In 1994, Plaintiff was arrested and charged with Rodriguez's murder, *id*. at 16, and in 1996, Plaintiff was tried and convicted for the murder. *Id.* 22-23. During his 21 years in prison, Plaintiff fought to prove his innocence and discovered exculpatory evidence was withheld from him during the trial. *Id*. at 23. Plaintiff was finally freed in 2015 when a judge vacated his conviction and granted his motion for new trial. *Id.* Following the vacation of his conviction, the Commonwealth dismissed the charges against Plaintiff. *Id.*

b. *Procedural History*

Following his exoneration, Plaintiff filed a civil lawsuit naming Roach, Garvin, Guillermo, Hollow, and the City of Lynn ("the City") as Defendants. Dkt. 1. In 2021, this Court partially denied Defendants' motions for summary judgment. Dkt. 335. After reviewing the evidence in the record, the Court permitted Plaintiff to pursue a § 1983 due process claim, federal and state civil conspiracy claims, and an intentional infliction of emotional distress claim against Roach, Garvin, and Guillermo. *Id*. One of the due process theories Plaintiff is permitted to present to the jury is that Roach, Garvin, and Guillermo suppressed exculpatory evidence, from Plaintiff and the prosecutor during the investigation and Plaintiff's prosecution. *Id.* at 29-47.

The Court also permitted Plaintiff to present at trial a due process claim against Hollow under a § 1983 supervisory liability theory based on a failure to train Lynn police officers on their *Brady* disclosure obligation. *Id*. at 47-49. Finally, the Court denied the City's motion for summary judgment on Plaintiff's *Monell* claim under § 1983 and state-law negligence claim. *Id.* at 51-54; 62-64, 68. Consequently, Plaintiff is allowed to present evidence of the City's lack of *Brady* policy and failure to train its officers on their *Brady* obligation.[2]

## Argument

Under Federal Rule of Civil Procedure 42(b), the court is permitted to bifurcate trials where the separation of issues or claims promotes convenience, will avoid prejudice, or will expedite and economize the proceedings. FRCP 42(b). The court however must ensure the bifurcation does not violate a party's federal right to a jury trial. *Id.* The burden is on the moving party to show that bifurcation is justified. *Lennar Ne. Properties, Inc. v. Barton Partners Architects Planners Inc.*, No. 16-CV-12330-ADB, 2021 WL 927520, at *3 (D. Mass. Mar. 11, 2021) (Burroughs, D.J.) The decision to bifurcate a trial is squarely within the district court's discretion, but "separation is not to be routinely ordered." *See Data Gen. Corp. v. Grumman Sys. Support Corp.,* 795 F. Supp. 501, 503 (D.Mass.1992) (citing Advisory Committee Note to the 1966 amendment of Rule 42(b)) (internal quotation marks omitted); *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2388 (2007) ("The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule."). The decision to

---

[2] The Court also allowed a malicious prosecution claim under § 1983 against the City. Dkt. 335 at 68. Plaintiff is not pursuing a malicious prosecution claim against the City.

separate the trials is "dependent on the facts and circumstance of each case." *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 2 (D.P.R. 1997).

> I. **Bifurcation Is Inappropriate Because All of the Evidence Relevant to the Claims Against the Individual Defendants is Relevant to the *Monell* and State Negligence Claim**

Courts typically decide bifurcation is appropriate where the evidence relevant to certain claims or parties "[do] not overlap in a meaningful way" with other claims or parties in the case. *McCoy v. City of Vallejo*, No. 219CV001191JAMCKD, 2021 WL 492535, at *2–3 (E.D. Cal. Feb. 10, 2021) (citing cases finding the same). That is not the case here. Here, all the evidence relevant to the claims against Defendants Garvin, Roach, Guillermo, and Hollow is relevant to the *Monell* claim and state negligence.

Plaintiff has alleged that Garvin and Roach co-led the Rodriguez homicide investigation, and during the course of that investigation Garvin, Roach, and Guillermo suppressed *Brady* evidence. Plaintiff has also alleged that the City failed to have a *Brady* policy and that both Hollow and the City failed to train Lynn police officers to ensure they complied with their *Brady* obligation. In order to prove Plaintiff's *Brady* claims against Roach, Garvin, and Guillermo, Plaintiff must present evidence about the investigation: who participated in the investigation, the actions each individual Defendant undertook, the evidence that was gathered, the evidence that was suppressed, and demonstrate why each piece of evidence was exculpatory. Plaintiff will also need to provide the jury with evidence about the City's lack of *Brady* disclosure policy and training, and Defendant Hollow's individual failure to train. Evidence of these failures will be probative of whether the Defendants Roach and Guillermo suppressed evidence in this case—an officer who is never told or trained to disclose evidence is more likely to not have disclosed the evidence. Plaintiff will need to present the same evidence to prove his claims against the City

5

and Hollow. As a result, bifurcation would result in the duplication of evidence, witnesses, and arguments.

The City's argument that the facts relevant to the *Monell* claim justify bifurcation is nothing more than a restatement of its argument rejected at summary judgment – that the District Attorney's Office's ("DAO") policies and training, and not the City's, were at fault for Roach and Guillermo's suppression of exculpatory evidence. Dkt. 4-6. This argument is disputed and does nothing to carry the City's burden to prove bifurcation is appropriate.

Many courts have found that when there is a meaningful overlap of evidence relevant to the claims against the parties, requests for bifurcation should be denied. *See Smith v. City of Holyoke*, No. CV 17-30078-FDS, 2020 WL 1514610, at *14 (D. Mass. Mar. 30, 2020) (denying defendants' motion to bifurcate the trial of the *Monell* claim from the claims against the individual defendants because there was a substantial overlap in the relevant evidence); *Lennar Ne. Properties, Inc.*, 2021 WL 927520, at *3 (finding that bifurcation would be impractical and inefficient where the same witnesses would have to testify at both trials); *Wichert v. Deep Sea Fish of Rhode Island, Inc.*, No. CA 07-136 S, 2007 WL 9789655, at *3 (D.R.I. Oct. 17, 2007) (same); *McCoy*, 2021 WL 492535, at *2–3 (denying defendants' motion for bifurcation where plaintiffs would have to present the same evidence against the individual defendants to prove municipal liability); *Nicomedes Tubar, III v. Clift*, No. C05-1154-JCC, 2009 WL 426608, at *1 (W.D. Wash. Feb. 19, 2009) (same). The Court should make the same finding here.

## II. There is No Prejudice to the City of Lynn (or the Individual Defendants) if the Case is Tried in One Trial

None of the Defendants will be prejudiced if all the claims are tried in one trial. Usually when bifurcation is granted due to concerns about prejudice, the analysis is focused on how the individual defendants will be prejudiced because evidence relevant to the claims against the

6

municipality may involve instances of misconduct committed by other individuals and/or requires evidence of misconduct that occurred under different factual circumstances. *See Lund v. Henderson*, No. CIV.A. 11-11413-NMG, 2014 WL 4071696, at *1 (D. Mass. Aug. 12, 2014), aff'd, 807 F.3d 6 (1st Cir. 2015) (noting that the trial court granted the motion to bifurcate to avoid "significant prejudice" to the individual defendant because plaintiff's *Monell* theory was based on a pattern of misconduct by that officer); *see also Mineo v. City of New York*, No. 09-CV-2261 RRM MDG, 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013) (observing that "potential evidence of other incidents that may be admissible solely against the City to prove *Monell* liability could dangerously infect the jury's consideration of the individual claim against defendant Kern."); *Readus v. Dercola*, No. 09 C 4063, 2012 WL 1533167, at *4 (N.D. Ill. May 1, 2012) (finding that the presentation of evidence about a pattern of police misconduct could unduly prejudice the individual defendants by suggesting that "the police department routinely acts improperly, even if the officers acted properly in this case."); *Aquino v. City of New York*, No. 1:16-CV-1577-GHW, 2017 WL 2223921, at *3 (S.D.N.Y. May 19, 2017) (holding that bifurcation was necessary to avoid unfair prejudice to the individual officers where evidence of misconduct of other municipal employees would be introduced). This concern does not exist here. Plaintiff is not seeking to introduce evidence about other incidents of misconduct, but instead is focused on the misconduct in the Rodriguez homicide investigation and the City's policies and training during the relevant time period. This targeted presentation of evidence will not result in any prejudice to the Defendants. [3]

---

[3] Defendants Roach and Guillermo have neither moved for bifurcation, nor joined this motion.

The City again fails to meet its burden because it does not articulate how a consolidated trial would be prejudicial. The City argues against having one trial by claiming that the introduction of evidence about the DAO's and the City's policies and training will be confusing. This argument is unpersuasive because Plaintiff will be using the same evidence against the City and the individual Defendants, and the City will likely rely on evidence about the DAO's policies in its defense. Bifurcation will not resolve the City's problem. Because there is no prejudice to the Defendants, bifurcation should be denied.

### III.     Bifurcation Will Prolong the Case and Massively Waste Resources

The City's request for bifurcation is contrary to the interest of judicial economy because no matter what, Plaintiff's state and federal claims against the City must be tried.

Further, if the Court orders bifurcation, the case will need to be tried before the same jury. Rule 42(b) instructs the court to ensure that when a separate trial is ordered, "the court must preserve any federal right of a jury trial." FRCP 42(b). The Seventh Amendment requires that where the issues are not distinct or separable from one another, the issues must be heard by the same jury. *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931) (citations omitted); *see also Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 21, 83 S. Ct. 1646, 1650, 10 L. Ed. 2d 720 (1963); *Franchi Const. Co. v. Combined Ins. Co. of Am.*, 580 F.2d 1, 7 (1st Cir. 1978). The Seventh Amendment protections are amplified here given the interwoven nature of the evidence against the individual Defendants and the City, and the intertwined questions of fact. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1126 (7th Cir. 1999) ("While both juries can examine overlapping evidence, they may not decide factual issues that are common to both trials and essential to the outcome."). Under these circumstances, a bifurcated trial means that that the jury will be subjected to two rounds of hearing the same evidence – first hearing

evidence from witnesses, defendants, experts, and policymakers about the *Brady* policies and practices in connection with the individual claims, and then those same witnesses will need to be called again to give duplicative testimony in relation to the *Monell* and state negligence claims. And the duplication will not stop there. Bifurcation will also require two rounds of arguments, two rounds of jury instructions, and two rounds of deliberation.

Moreover, if the Court accepts the City's inaccurate argument that a consolidated trial will require endless limiting instructions (it will not), the Court will be burdened with the difficult challenge of ensuring that the bifurcated trials comply with the Seventh Amendment. Not only must the issues and claims be tried before the same jury, the Constitution dictates that the issues and claims must also be presented to the jury in a manner that does not cause "confusion and uncertainty" as this "would amount to a denial of a fair trial." *Gasoline Prod. Co.,* 283 U.S. 494 at 500. If the Court adopts the City's proposal, the parties will need to employ a piecemeal presentation of the evidence. Such an approach, which will result in confusion for the jury and may lead to inconsistent verdicts and a denial of Plaintiff's right. *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2388 (2007) (cautioning against piecemeal trials).

Additionally, bifurcation will result in a massive waste of judicial resources. First, this method presents logistical challenges in terms of witness presentation and ensuring that the same jurors remain available throughout the trials—a problem that will be exacerbated by the ongoing pandemic. Second, bifurcation introduces the complex task of clearly explaining to the jury why there will be two phases of the trial. And third, the prolonged and repetitive trial is inconvenient to the jury.

The City has identified no reason that would justify conducting the trial and presenting evidence in such a needlessly confusing, protracted, and logistically challenging manner. Therefore, the motion to bifurcate should be denied.

## IV. Bifurcation Will Prejudice Plaintiff

The Court should also deny the City's request because Plaintiff will be prejudiced by bifurcation. For the reasons stated above, bifurcation will increase the length and expense of the trial. Due to the age of the witnesses and Defendants in this case, coupled with delays caused by the pandemic, there is a risk that an extended trial proceeding will render witnesses and defendants unavailable. This would deprive Plaintiff of relevant evidence and the ability to present live testimony in support of his claims.

Finally, bifurcation will unjustifiably hobble Plaintiff's ability to present a unified theory to a single jury in a single case. As argued above, the evidence Plaintiff seeks to introduce is directly relevant to claims against all Defendants and there is no good cause to prevent Plaintiff from telling a cogent and clear theory to the jury.

## V. Defendant Garvin's Response

On the evening this response was due, Garvin filed a "response" to Defendant Lynn's motion to bifurcate. Dt. 360. That "response" is a separate motion to bifurcate, and not a response. The motion was also filed without any notice to Plaintiff's counsel or any attempt to confer with Plaintiff's counsel. It makes arguments that suggest that three separate trials should be conducted. Those arguments should be rejected, and to the extent that the Court would like a response to Garvin's motion, Plaintiff can quickly file a separate response.

## CONCLUSION

For the foregoing reasons, the Court should deny the City's motion to separate the trial from claims against Roach, Garvin, and Guillermo and those pending against the City and Hollow.

RESPECTFULLY SUBMITTED,

ANGEL ECHAVARRIA

By: /s/ Renee Spence
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Arthur Loevy*
Jon Loevy*
Anand Swaminathan*
Mark Loevy-Reyes*
Gayle Horn*
Steven Art*
Renee Spence*
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
spence@loevy.com
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, hereby certify that on January 12, 2022, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record listed below.

/s/ Renee Spence
*One of Plaintiff's Attorneys*
