UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 16-cv-11118-ADB |
| J. MICHAEL ROACH, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**ORDER ON THE CITY OF LYNN'S
MOTION TO BIFURCATE THE TRIAL**

BURROUGHS, D.J.

Pursuant to Federal Rule of Civil Procedure 42(b), Defendant the City of Lynn (the "City") moves to bifurcate the trial. [ECF No. 346]. The City seeks to separate the trial against Defendants Raymond Guillermo, John Garvin, and J. Michael Roach (collectively, the "Individual Defendants") from the trial against the City and Defendant John Hollow. [Id.]. The City argues that bifurcation would promote judicial efficiency, eliminate potential juror confusion, and prevent prejudice to the City and Hollow. [ECF No. 347]. The Individual Defendants also support bifurcating the trial in order to prevent prejudice that would result if the claims against them were tried with the claims against the City. [ECF No. 360]. Plaintiff counters that bifurcation will result in a significant waste of judicial and litigant resources and will prejudice him. [ECF No. 361]. For the reasons set forth below, the motion to bifurcate, [ECF No. 346], is DENIED.

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  "The moving party bears the burden of proving that separate trials are justified," Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001), and the bifurcation decision is left to the Court's discretion, see Gonzalez-Marin v. Equitable Life Assurance Soc'y of U.S., 845 F.2d 1140, 1145 (1st Cir. 1988).  Although in cases like the one before the Court, it is a "familiar path" to bifurcate the claims of the individual defendants from the municipality, Wilson v. Town of Mendon, 294 F.3d 1, 7 (1st Cir. 2002), bifurcation is "dependent on the facts and circumstance of each case." Industrias Metálicas Marva, Inc. v. Lausell, 172 F.R.D. 1, 2 (D.P.R. 1997) (quoting Saxion v. Titan–C–Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996)).

      Turning to the issues of efficiency and judicial economy, the City argues that the policy and practice evidence that is critical to the Monell municipal liability claim is irrelevant to any of the claims against the Individual Defendants, and thus bifurcation would streamline the Individual Defendants' trials by reducing the number of witnesses and evidence presented and eliminating complicated forays into the City's policies.  [ECF No. 347 at 6–7; ECF No. 367 at 1–2].  Bifurcation will also, according to the City, simplify matters for the jury and reduce the number of limiting instructions.  [ECF No. 347 at 7–8].  Plaintiff contends that no efficiencies will be realized because the City's policies are relevant to the Individual Defendants' claims and that he intends to introduce this evidence against all Defendants.  [ECF No. 361 at 5–6].  The Court agrees, at least based on the briefing before it, that the City's policies and practices may have some relevance to the investigation carried out by the Individual Defendants, and because there is likely to be an overlap in this evidence, bifurcation would instead generate inefficiencies by requiring the parties to present the same witnesses and evidence in both trials.  In sum, the

City has not met its burden to show that any efficiencies gained by bifurcation would be meaningful.

Regarding prejudice, the City contends that because Garvin worked for the Massachusetts State Police ("MSP") and the MSP directed the investigation, there is a substantial risk of prejudice if the claims against Individual Defendants are tried with the City and Hollow. [ECF No. 347 at 4–5]. In particular, the jury may mistakenly ascribe Garvin's conduct, as well as the actions of Roach and Guillermo while they were working under the MSP's direction, to the City and Hollow. [Id.]. The Individual Defendants also argue that they will be prejudiced without bifurcation because the jury will be unable to keep track of limiting instructions over a long trial. [ECF No. 360 at 2]. Garvin raises the additional argument that the jury will have difficulty remembering that evidence about the City's policies does not implicate him because he did not work for the City. [Id. at 1–2]. Although Garvin was not employed by the City, the Court is confident that with proper limiting instructions any juror confusion or potential prejudice will be avoided. Further, although evidence about other incidents of misconduct on the part of other City officers could be prejudicial and a ground for bifurcation, Plaintiff represents that he will not attempt to introduce that type of evidence here. [ECF No. 361 at 6–7].

Accordingly, the City's motion, [ECF No. 346], is <u>DENIED</u>. For the time being, this case remains on the Court's trial calendar for March 22, 2022. The Court sees the issue of bifurcation as a close question and may revisit the issue if COVID-19 continues to make one trial impracticable.[1]

---

[1] The Court is aware of the interlocutory appeal filed by Hollow. [ECF No. 341]. That appeal is stayed until his personal representative is designated. Order, <u>Echavarria v. Hollow</u>, No. 21-1894 (1st Cir. Dec. 2, 2021). Although the Court declines to bifurcate the trial at this time, depending on the status of Hollow's appeal when the trial is scheduled to begin, the Court may have to stay Hollow's trial while his appeal proceeds.

**SO ORDERED.**

January 31, 2022                                                                                  /s/ Allison D. Burroughs
                                                                                                        ALLISON D. BURROUGHS
                                                                                                        U.S. DISTRICT JUDGE