IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | ) | |
| | ) | Case No. 16 C 11118-ADB |
| *Plaintiff*, | ) | |
| | ) | Hon. Allison D. Burroughs, |
| v. | ) | District Judge |
| | ) | |
| J. MICHAEL ROACH, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION IN *LIMINE* NO. 1
TO BAR ALLEGED BAD ACT EVIDENCE**

Plaintiff, Angel Echavarria, by and through his attorneys, Loevy & Loevy, respectfully requests an order *in limine* to barring Defendants from eliciting purported bad act evidence regarding Plaintiff. In support of this motion, Plaintiff states as follows:

**Introduction**

In seeking to defend themselves from liability for their misconduct which led to Plaintiff's wrongful conviction, Defendants may attempt to turn attention to whether Plaintiff has made certain alleged unrelated mistakes in his life. During discovery, Defendants scoured Plaintiff's life looking for dirt, and some of Defendants' deposition questions suggest that they may try to defend this case by attacking Plaintiff's character through implication from alleged bad acts. These include a drug allegation in New Jersey that was dismissed in court, uncharged crimes of drug use and distribution, and alleged marital infidelity. Alleged bad act evidence against Plaintiff should be barred because it lacks relevance and is unfairly prejudicial.

**Discussion**

As an initial matter, as stated in Plaintiff's motion *in limine* to bar hearsay evidence unknown to Defendants, any purported bad act evidence that was unknown to Defendants when they committed the unconstitutional acts that caused Plaintiff to be wrongly convicted is completely irrelevant to the claims or defenses here because Defendants' decisions to during the Daniel Rodriguez murder investigation could not have been influenced by information Defendants' learned after Plaintiff's conviction. . Allowing alleged bad act evidence that was unknown to Defendants violates the rule against admitting after-acquired evidence to retroactively validate a defendant's actions when intent is at issue. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (evaluation of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). Accordingly, this evidence should be excluded. *See* FED. R. EVID. 401, 402.

In addition to the utter lack of relevance to Plaintiff's claims that makes this evidence inadmissible under Federal Rule of Evidence 402, evidence of Plaintiff's alleged bad acts are barred under Federal Rule of Evidence 404, which bars evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(a)(1); *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014); *DiRico v. City of Quincy*, 404 F.3d 464, 467-68 (1st Cir. 2005). Here, that is primarily what Defendants would seek to accomplish through the bad acts evidence they elicited against Plaintiff.

Evidence of prior bad acts is admissible only if, "the following, two part test is satisfied: First, in accordance with Rule 404(b), 'the evidence must have special relevance to an issue in the case such as intent[,] knowledge, [or absence of mistake or accident,] and must not include

bad character or propensity as a necessary link in the inferential chain.  Second, consistent with Federal Rule of Evidence 403, the probative value of the evidence must not be 'substantially outweighed by the danger of unfair prejudice.'" *DiRico*, 404 F.3d at 467-68 (citations and quotations omitted).  Regarding the second test "[e]vidence is unfairly prejudicial if it 'invites the jury to render a verdict on an improper emotional basis.'" *Id*. (citations omitted). The above purported bad acts are inadmissible under both prongs.

### A. Plaintiff's Prior Drug Arrest and Uncharged Crimes

It is well established in federal civil rights cases that arrests that do not result in convictions are inadmissible, because an arrest alone does not mean someone is guilty. *See Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty."). "The existence of an indictment, as opposed to a conviction, is not generally admissible to impeach." *Vega v. Johnson*, 149 F.3d 354, 363 (5th Cir. 1998). Instead, arrests are nothing but alleged (and unproven) "prior bad acts," and lack a basis for admissibility without sufficient evidence that they occurred. *United States v. Yu Qin*, 688 F. 3d. 257, 263 (6th Cir. 2012). Thus, evidence of any arrest invites the risk of a trial-within-a-trial. *Id*. All such references should therefore be excluded on that basis alone. *Id*.

Indeed, courts routinely exclude this evidence. *DiRico*, 404 F.3d at 467-68;  *see also Nelson v. City of Chicago*, 810 F.3d 1061, 1067 (7th Cir. 2016) (finding reversible error where district court admitted plaintiff's arrest record because "the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury against the party-witness that total and complete exclusion is required in order that the right to trial by a fair and impartial jury may not be impaired); *Anderson v. Sternes*, 243 F.3d 1049, 1054

(7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); *Davis v. Mason Cty.*, 927 F.2d 1473, 1484 (9th Cir. 1991) (affirming exclusion of prior charges resulting in acquittal under Rule 404); *Castro v. Cty. of Los Angeles*, 2015 WL 4694070, at *3 (C.D. Cal. Aug. 3, 2015) (excluding plaintiff's criminal record as "expressly prohibited by Rule 404(b)," because of "the risk that such evidence could lead a jury to find in favor of defendants because decedent was a 'bad guy'" rather than because the defendant officer's conduct was lawful); *F.H. Paschen, S.N Nielsen & Assocs. LLC v. Hiscox, Inc.*, No. CV 13-5843, 2015 WL 13532830, at *1 (E.D. La. Nov. 25, 2015) (excluding evidence of prior arrests); *Bergeron v. Great W. Cas. Co.*, 2015 WL 3505091, at *5 (E.D. La. June 3, 2015) (going through Rules 404, 608, and 609, and concluding that "[b]ecause there is currently no admissible purpose for the challenged evidence [of prior arrests] under the current pleadings, it must be excluded"); *Mayfield v. Brewer*, 2014 WL 5467011, at *7 (S.D. Miss. Oct. 28, 2014) (excluding arrest that did not lead to a conviction); *Mowrey v. City of Fort Wayne*, 2013 WL 6512664, at *2 (N.D. Ind. Dec. 12, 2013) ("Prior arrests that did not lead to a conviction are usually inadmissible under Rule 403's balancing test and Rule 404(b)'s bar against character evidence."); *Gregory v. Oliver*, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003) ("Arrests that have not led to convictions are classic candidates for exclusion under [FRE] 404(b)").

As this body of law well illustrates, all arrests that did not lead to convictions should be barred. Defendants may seek to introduce evidence about Plaintiff's 1991 arrest in New Jersey for alleged possession of a controlled substance, and possession of a controlled substance with intent to distribute— more than four years before the Rodriguez murder—and an alleged subsequent warrant for failure to appear in court. Ex. A (Angel Echavarria Dep., Feb. 1, 2019) at

4

51-57; Ex. B (Angel Echavarria Dep., June. 5, 2019) at 73:17-74:1; 76:6-17; 79:7-81:13; 97:1-10; 97:20-98:6. There was no conviction, and the case was eventually dismissed.

It similarly follows that speculation or evidence relating to entirely uncharged or alleged crimes should also be barred. Given that arrests are inadmissible, supposed criminal behavior that never led to any arrest certainly cannot come in at trial.

On this point, Defendants may attempt to elicit speculative and unfounded testimony or other allegations that Plaintiff was involved in selling drugs in Lynn, Massachusetts. Ex. A at 65-81; Ex. B at 66:2-10; 71:3-72:15; 76:18-77:3; 81:14-82:21; 95:14-20; 96:6-24. This has no relevance at trial here. There was no credible evidence ever presented against Plaintiff about allegedly selling drugs in Lynn as part of the wrongful conviction case against him.

Further, Defendants may try to point to Plaintiff being taken into custody in New York following an argument with his wife. Ex. B at 98:7-100:12. This inflammatory accusation has no bearing at all on any claims or defenses at trial.

Plaintiff was never arrested or charged for any of the above alleged crimes, or incidents. They cannot be offered as evidence in this case. To the extent that Defendants may argue that Plaintiff's arrest for distribution of drugs, arrest warrant, or uncharged crimes illustrates or proves something about Plaintiff's actions and interactions with Defendants, such an argument is forbidden by Rule 404. Fed. R. Evid. 404(b).

Second, there any basis for admitting the prior arrest, subsequent arrest warrant, and uncharged past crimes because that evidence would be substantially outweighed by the risk of unfair prejudice, and would invite the jury to decide the case on an improper basis. Accordingly, these must be barred based on Federal Rule of Evidence 403.[1]

---

[1] These alleged bad acts are not admissible under any other Rule. For instance, Rule 608 does not provide a basis for admitting these alleged bad acts because neither bears on truthfulness. Similarly Rule 609 does not provide a basis

### B. Prison Disciplinary History

Separately, Defendants may attempt to point to Plaintiff's disciplinary history as an attempt to impugn Plaintiff's character. None of these so-called violations led to any criminal convictions for Plaintiff or relate to Plaintiff's credibility. This evidence would not be relevant to Plaintiff's wrongful conviction and should be prohibited from introduction at trial by Federal Rule of Evidence 404(b). Additionally, introduction of any such evidence presents a serious risk that the jury will decide the case based on its evaluation of Plaintiff's character, rather than on the merits of Plaintiff's claims and thus runs afoul of Rule 403.

Evidence of Plaintiff's prison disciplinary history is not relevant to Defendants' defenses. Evidence is relevant if it has a tendency to make a consequential fact more or less probable. Fed. R. Evid. 401. Plaintiff's claims center on whether Defendants violated his constitutional rights and the wrongful conviction that led him to prison. Evidence of whether Plaintiff later violated administrative prison rules on any other occasions has no bearing on those issues. As such, Defendants should be barred for admitting it. Fed. R. Evid. 402.

Moreover, even if the Court finds that there is some relevant, non-propensity based purpose for admission of this disciplinary history, it should still exclude this evidence under Rule 403. In this case, the concerns about unfair prejudice under Rule 403 are particularly prescient because there is substantial danger that the jury will consider any evidence of later rule-breaking in prison in their decision-making about Plaintiff's wrongful conviction. As such, even if the Court finds that the disciplinary history of Plaintiff is relevant and not barred by Rule 404, it should be excluded under Rule 403.

---

for admitting the arrests, because it pertains to convictions only, and then only felonies, and further allows juvenile convictions into evidence only in criminal cases. Fed. R. Evid. 609. None of those requirements are present here.

### C. Marital Infidelity

Further, Defendants might attempt to smear Plaintiff by pointing to instances of Plaintiff's supposed infidelity over the span of decades, including during his marriages. Ex. A at 28:6-29:3; 36:3-37:17; 56:9-11; 102:6-15; 73:22-74:2; 173:14-21. The risk is that the jury will be distracted from whether Defendants violated Plaintiff's constitutional rights by framing him for murder and decide not to hold Defendants' liable merely because they do not approve of Plaintiff's marital decisions. That would be improper.

Case law in this Circuit and elsewhere is very clear that marital infidelity, standing alone, is inadmissible. *United States v. Ulloa*, 942 F. Supp. 2d 202, 205 (D.N.H. 2013), *aff'd*, 760 F.3d 113 (1st Cir. 2014) (finding an "instance of marital infidelity, standing alone, has no value in evaluating Mayor's character for truthfulness or untruthfulness"); *Cf. United States v. Thiongo*, 344 F.3d 55, 60-61 (1st Cir.2003) ("Evidence Defendant bore the man's child while married to another man does not appear to be relevant or probative of Defendant's truthfulness or untruthfulness."); *United States v. Ndiaye*, 434 F.3d 1270, 1289–90 (11th Cir.2006) (trial court should not have permitted inquiry into defendant's "attempt to engage in a surreptitious relationship with a woman who was not his wife" as it did "not directly relate to [his] truthfulness and honesty").

Plaintiff's previous marriages or sexual relationships are not probative of any material fact at issue in this case. Such comments would be completely improper, would require the jury to speculate about matters over which they will not have been provided evidence, are irrelevant, and are extremely prejudicial.

There is no permissible basis for this purported bad act evidence regarding Plaintiff. = That is the exact reason why Rule 404(b) allows only limited circumstances for that type of

evidence to be admitted at trial. Those circumstances do not apply here. In contrast to the lack of any admissible basis for the evidence is the high risk of unfair prejudice to Plaintiff if such evidence is admitted. The evidence should therefore be excluded under Rule 403.

WHEREFORE, Plaintiff respectfully requests an order barring admission of the foregoing bad act evidence.

RESPECTFULLY SUBMITTED,

**ANGEL ECHAVARRIA**

BY:   /s/ Renee Spence
      *One of Plaintiff's Attorneys*

Arthur Loevy\*
Jon Loevy\*
Gayle Horn\*
Mark Loevy-Reyes
Steve Art\*
Renee Spence\*
Quinn Rallins\*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
\*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, hereby certify that on February 23, 2022, I filed the foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all counsel of record.

<u>/s/ Renee Spence</u>
*One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*