IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | ) | |
| | ) | Case No. 16 C 11118-ADB |
| *Plaintiff*, | ) | |
| | ) | Hon. Allison D. Burroughs, |
| v. | ) | District Judge |
| | ) | |
| J. MICHAEL ROACH, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION IN *LIMINE* NO. 6
TO BAR EVIDENCE ABOUT IMMIGRATION STATUS**

Plaintiff ANGEL ECHAVARRIA, by his attorneys, respectfully moves *in limine* for an order barring purported evidence about the immigration status of any person at trial. In support, Plaintiff states as follows:

Introduction

Defendants may seek to attack the credibility of various persons by eliciting testimony and/or introducing evidence relating to that person's immigration status either presently and/or during the course of the investigation. This evidence is entirely out-of-bounds as it has no relevance to the defenses in this case.

Discussion

This case involves claims that Defendants violated Plaintiff's rights during their investigation into the murder of Daniel Rodriguez in 1994. The investigation centered on Lynn, MA, which included many residents who were immigrants. Accordingly, parties and witnesses here will include people who are immigrants to the United States. Defendants may seek to introduce evidence about the immigration status, including whether such persons were (and are)

undocumented immigrants, of persons who testify at trial.

A person's immigration status is a matter that has little to no relevance at trial, unless there is an independent basis for that evidence to relate expressly to a claim or defense. *See Prouty v. Thippanna*, 541 F.Supp.3d 125, 128 (D. Mass. 2021); *Walsh v. Tara Construction, Inc.*, No. 19-10369-LTS, 2021 WL 3856205 (D. Mass. July 8, 2021).  To the contrary, such inquiries may "demonstrate[ ] a lack of respect towards the opposing party by exposing [him/her/them] to offensive anti-immigrant sentiment that was not probative of any material fact in the case." *Prouty*, 541 F. Supp.3d at 129.  It is so out of bounds that sanctions could be warranted. *Id*.

Here, there is no such independent relevance for any person's immigration status at trial to any of the defenses in this case outside of trying to arouse "anti-immigrant sentiment."

Moreover, even if there was some minimal relevance to immigration status here (which there is not), such relevance would be outweighed by the harm that it would do to the interests of justice. That is because any such relevance of immigration status evidence is outweighed by the potential "*in terrorem*" effect such evidence would have. *Id*., at *4 (citing *E.E.O.C. v. Restaurant Co.*, 448 F. Supp. 2d at 1087 ("[P]ermitting employers to use the discovery process to inquire into workers' immigration status would have an unacceptable chilling effect on the bringing of civil rights actions, which would result in 'countless acts of illegal and reprehensible conduct' going unreported.")).

These same considerations apply here. Allowing Defendants to inquire at trial about the immigration status of any person would have a chilling effect on person's resolve to bring claims of constitutional violations and/or being willing to come forward to provide evidence relating to those claims. These harmful impacts outweigh any limited relevance of immigration status.

Defendants have no basis for the admission of any evidence related to any person's immigration status in this matter. It is irrelevant to their defense, and even if Defendants could show relevancy, the admission of any such evidence would be contrary to the interests of justice by creating a chilling effect for persons or witnesses to come forward to bring to light evidence of government misconduct.

WHEREFORE, Plaintiff respectfully requests an order from this Court granting his Motion *in Limine* to bar the admission of any evidence of the immigration status of any person at trial.

RESPECTFULLY SUBMITTED,

**ANGEL ECHAVARRIA**

BY:   /s/ Renee Spence
      *One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, hereby certify that on February 23, 2022, I filed the foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Renee Spence
*One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*