**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | ) | |
| | ) | Case No. 16 C 11118-ADB |
| *Plaintiff,* | ) | |
| | ) | Hon. Allison D. Burroughs, |
| *v.* | ) | District Judge |
| | ) | |
| J. MICHAEL ROACH, *et al.,* | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 18 TO BAR
ANY REFERENCE TO JURORS' PECUNIARY INTERESTS**

Plaintiff ANGEL ECHAVARRIA, by his attorneys, respectfully moves *in limine* for an order barring any reference to jurors' pecuniary interests. In support, Plaintiff states as follows:

Arguments that play on jurors' pecuniary interests or their interests as taxpayers are improper. *Esso Standard Oil Co. v. Cotto*, 389 F.3d 212, 219 (1st Cir. 2004) ("[A] pecuniary interest need not be personal to compromise an adjudicator's neutrality."); *see also United States v. Smyth*, 556 F.2d 1179, 1185 (5th Cir. 1977) (calling an appeal to jury's interests as taxpayers "an unprofessional and highly improper appeal to the passion and prejudices of the juror"); *Moore ex rel. Estate of Grady v. Tulja*, 546 F.3d 423, 430 (7th Cir. 2008) (remarking that an appeal to the financial interests of jurors as taxpayers is "of course" generally improper); *United States v. Ahee*, 5 F. App'x 342, 356 (6th Cir. 2001). The impropriety of such argument stems from the premise that "those with substantial pecuniary interest in legal proceedings should not adjudicate these disputes." *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973) (citing *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Village of Monroeville*, 409 U.S. 57 (1972)). The pecuniary interest need not be direct or positive. *Id.* Accordingly, all such arguments that appeal to the jurors as taxpayers should be barred under Federal Rules of Evidence 402 and 403.

1

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court for an order barring any reference to jurors' pecuniary interests or their interests as taxpayers.

RESPECTFULLY SUBMITTED,

**ANGEL ECHAVARRIA**

BY:    /s/ Renee Spence
*One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Renee Spence, an attorney, hereby certify that on February 23, 2022, I filed the

foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all

counsel of record.

/s/ Renee Spence_____

*One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*