IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | ) | |
| | ) | Case No. 16 C 11118-ADB |
| *Plaintiff,* | ) | |
| | ) | Hon. Allison D. Burroughs, |
| v. | ) | District Judge |
| | ) | |
| J. MICHAEL ROACH, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 21
TO BAR REFERENCES TO DEFENDANTS' GOOD CHARACTER**

Plaintiff ANGEL ECHAVARRIA, by his attorneys, respectfully moves *in limine* for an order barring Defendants from introducing evidence of their own good character, including commendations and awards. In support, Plaintiff states as follows:

Rule 404(a) could not be clearer: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Evidence of commendations, awards, and the like cannot possibly be relevant to an issue in this trial other than to suggest that Defendants conducted themselves as model officers. The evidence is *per se* inadmissible for that purpose.

In a case where the character of a party is not at issue, like this one, a Defendant cannot be allowed to introduce his or her own good acts to invite an inference of good character and action in conformity with that character. *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (affirming exclusion of "evidence of specific acts of good character" because they were irrelevant to the case and because the fact that the defendant did positive things in certain instances was not "relevant to whether she, in fact" committed the misconduct in the case) (citations omitted). Courts have repeatedly barred precisely this type of evidence in trials

alleging constitutional violations. *See*, *e.g.*, *Crabbs v. Pitts*, No. 2:16-CV-0387, 2018 WL 5262397, at *8 (S.D. Ohio Oct. 23, 2018) ("While Rule 404(a)(2) allows for exceptions in criminal cases, such as offering evidence of good character for the accused, the Federal Rules have expanded no such exception to the civil context."); *Graham v. Bennett*, No. 04-2136, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence of officer's commendations and awards because such "evidence would be more prejudicial than probative . . . of whether Defendant used excessive force" and "could serve the improper function of providing evidence of action in conformity with Defendant's prior good performance on the police force"); *SEC v. Towers Fin. Corp.*, 966 F. Supp. 203, 205–06 (S.D.N.Y. 1997) (character evidence not allowed in civil case). The same holding is appropriate here.

    WHEREFORE, Plaintiff respectfully requests an order barring Defendants from introducing evidence of their own good character, including commendations and awards.

RESPECTFULLY SUBMITTED,

**ANGEL ECHAVARRIA**

BY:   /s/ Renee Spence
      *One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, hereby certify that on February 23, 2022, I filed the foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Renee Spence
*One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*