IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | ) | |
| | ) | Case No. 16 C 11118-ADB |
| *Plaintiff*, | ) | |
| | ) | Hon. Allison D. Burroughs, |
| v. | ) | District Judge |
| | ) | |
| J. MICHAEL ROACH, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION IN *LIMINE* NO. 13
TO BAR BAD ACT EVIDENCE OF THIRD-PARTY WITNESSES**

Plaintiff ANGEL ECHAVARRIA, by his attorneys, respectfully moves *in limine* for an order barring purported evidence about alleged bad acts by third party witnesses at trial. In support, Plaintiff states as follows:

### Introduction

Defendants likely will offer convictions or uncharged bad acts of certain third-party witnesses in an effort to paint the witnesses as simply bad people who commit crimes. For instance, Defendants identify as exhibit evidence that Plaintiff's criminal trial attorney, Charles Robson, was disciplined regarding his law practice for conduct that was unrelated to his representation of Plaintiff in the underlying case. Dkt. 371 at 6 (Section III.(A)(jj)). Defendants may also seek to attack Plaintiff's and third-parties' credibility by presenting evidence of alleged criminal activity. Rule 404(b)(1) expressly prohibits such evidence. *See generally United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000).

### Discussion

There exists no admissible basis for any third-party bad act evidence. To admit such evidence under Federal Rule of Civil Procedure 404(b) the proponent must pass two tests. First, the bad acts must have "special relevance" to an issue in the case such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021) (citations omitted). Second, the specifically relevant bad acts shall be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, jury confusion, *etc*. *Id*. Under the second prong, the inherent risk of unfair prejudice is substantial, especially when prior convictions become a focus of testimony. *Id., at* 33.

Here, no purported bad act evidence can meet both of these two parts as required.

**A. Charles Robson**

During Plaintiff's criminal prosecution for the murder of Daniel Rodriguez, he was represented by Charles Robson. The events that caused this sanction were unrelated to his representation of Plaintiff, and has little to no bearing on Plaintiff's claims here or any defenses.

Defendants may claim that it is relevant to show that where Robson has been disciplined this also means that Robson likely caused Plaintiff's conviction because Robson did not seek to obtain evidence about an alternative suspect. (Plaintiff has moved to bar this argument on other grounds (*See* Plaintiff's Motion *In Limine* No. 8 to Bar Argument that Robson was not Reasonably Diligent)). But this argument is a purely propensity argument – urging the jury to find that because Robson was disciplined in another case he, thus, acted inappropriately in his representation of Plaintiff. Propensity evidence is specifically barred by Rule 404(1) and should be excluded here.

This evidence is also irrelevant because this Court has already disposed of that argument: "Courts, including this one, reject 'the notion that defendants must scavenge for hints of undisclosed Brady material when the prosecution represents that all such material has been disclosed.'" Dkt. 335, at 33 (quoting *Banks v. Dretke*, 540 U.S. 668, 695 (2004)).

**B. Alberto Cuevas**

In January 1994, at the time Daniel Rodriguez was murdered, a man named Alberto Cuevas lived in apartment 419, a few doors away from where the murder took place. Ex. A (Cuevas Aff.). After Plaintiff was wrongfully convicted, Cuevas signed an affidavit detailing what he witnessed on the night of the murder and his knowledge of the surviving eyewitness, Isidoro Rodriguez. *Id.*

Defendants may seek to introduce evidence of a purported 1995 drug conviction of witness Alberto Cuevas. Any reference to Cuevas' criminal history is barred by Federal Rules of Evidence 403 and 404 under the test described above. There is no place in this trial for Cuevas' conviction (or any other), which has zero relevance here.

Nor is evidence of the conviction admissible under Federal Rule of Evidence 609. Rule 609 relates to convictions that may be used for purposes of impeachment. For convictions that are older than 10 years—as Cuevas' is—it can only be admitted if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b). "Given the tenor of Rule 609(b), common sense suggests that felony convictions more than ten years old should be admitted only sparingly and in especially compelling circumstances." *United States v. Nguyen*, 542 F.3d 275 (1st Cir. 2008).

This is not such a compelling circumstance, and Defendants would fail both of the required elements. First, a 27-year old drug conviction has no probative value and would, therefore, be substantially outweighed by its prejudicial effect. Second, Defendants have not provided Plaintiff with reasonable written notice that they intend to use any criminal conviction to impeach Cuevas.  Finally, there is no logical argument that a drug conviction would be somehow probative of truthfulness and are more than 10 years old.

### C. Other Third Parties

Plaintiff is aware of no additional purported third-party bad act evidence that Defendants may seek to introduce to mar those witnesses, but no such evidence should be admitted or sought to be introduced without the ability of the parties to bring such issues before the Court to contest any admissibility.

WHEREFORE, Plaintiff respectfully requests that the Court bar all references to bad act evidence of third party witnesses, including, but not limited to, irrelevant "bad acts" evidence related to Charles Robson's attorney disciplinary proceedings and Alberto Cuevas' 27 year old conviction.  Moreover, Plaintiff asks for an order to bar any additional purported third-party bad act evidence without the proponent of the evidence first advising the other party with sufficient notice to bring the issue before the Court.

RESPECTFULLY SUBMITTED,

**ANGEL ECHAVARRIA**

BY:   /s/ Renee Spence   
*One of Plaintiff's Attorneys*

Arthur Loevy*  
Jon Loevy*  
Gayle Horn*

4

Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

      I, Renee Spence, an attorney, hereby certify that on February 23, 2022, I filed the foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all counsel of record.

                                                    /s/ Renee Spence
                                                    *One of Plaintiff's Attorneys*

Arthur Loevy*
Jon Loevy*
Gayle Horn*
Mark Loevy-Reyes
Steve Art*
Renee Spence*
Quinn Rallins*
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
spence@loevy.com
*Admitted *pro hac vice*