UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL ECHAVARRIA,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MICHAEL ROACH et al.,<br><br>  Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 16-cv-11118-ADB<br>*<br>*<br>*<br>*<br>* |

### FIRST MEMORANDUM AND ORDER ON MOTIONS IN LIMINE

BURROUGHS, D.J.

Currently before the Court are several motions in limine filed by Plaintiff Angel Echavarria ("Plaintiff") and Defendants. [ECF Nos. 378–413]. After reviewing the briefing, the Court finds that the following motions in limine can be resolved without the need for opposition briefing: ECF Nos. 384, 393, 394, 397, 401, 402, 403, 404, 405, 407, 408, and 409. Accordingly, for the reasons set forth below, (1) ECF Nos. 384, 393, 397, 401, 402, 403, 404, and 409 are GRANTED; (2) ECF No. 407 is GRANTED in part and DENIED in part; (3) ECF Nos. 394 and 405 are DENIED with leave to renew at trial; and (4) ECF No. 408 is DENIED. The Court will rule on the remaining motions in limine after reviewing the relevant opposition briefing, if any.

I.   DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and allegations in this case. In sum, Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and other laws, alleging that Defendants violated his civil rights by engaging in unlawful conduct during the investigation

that led to his now-vacated conviction for first-degree murder.  [ECF No. 1].  The Court ruled on Defendants' motions for summary judgment, [ECF No. 335], and the case is now ready for trial.

      A.      **ECF No. 384: Defendants' Motion in Limine to Exclude Admission of Plaintiff's Experts' Reports as Exhibits**

Defendants move to exclude the reports of Plaintiff's experts Timothy Longo, Esq. and Dr. Jennifer Dysart from being offered as trial exhibits because they are hearsay.  [ECF No. 384 at 1].  The motion, [ECF No. 384], is GRANTED.  See Crawford-Brunt v. Kruskall, 489 F. Supp. 3d 1, 4 (D. Mass. 2020) (stating that an "expert report is not admissible, at least not when offered by plaintiff to prove the truth of the information contained in it").  The Court does not expect to admit expert reports as trial exhibits, although the expert reports may be marked for identification at trial.

      B.      **ECF No. 393: Plaintiff's Motion in Limine Number 6 to Bar Evidence about Immigration Status**

Plaintiff asks the Court to bar any testimony or evidence relating to the immigration status of any person at trial because it is irrelevant and prejudicial.  [ECF No. 393 at 1–3].  The motion, [ECF No. 393], is GRANTED.  Evidence or testimony relating to the immigration status of any person is inadmissible unless it is established that the information as to a particular person is relevant and not outweighed by the danger of unfair prejudice.

      C.      **ECF No. 394: Plaintiff's Motion in Limine Number 7 to Bar Transcripts from Plaintiff's Criminal Case and Post-Conviction Proceedings**

Plaintiff moves to bar the use of the transcripts from his criminal case and post-conviction proceedings.  [ECF No. 394 at 1–2].  The motion, [ECF No. 394], is DENIED with leave to renew at trial.  As the parties well know, there are proper and improper uses for such transcripts.  Transcripts will be admitted, if at all, only for proper purposes and consistent with the Federal Rules of Evidence, including the rules concerning hearsay.

      **D.**      **ECF No. 397: Plaintiff's Motion in Limine Number 10 to Bar Evidence of State Compensation Settlement and Other Collateral Source Payments & ECF No. 409: Plaintiff's Motion in Limine Number 24 to Bar the Introduction of Any Evidence Relating to Settlement**

In his Motion in Limine Number 10, Plaintiff asks to exclude any testimony or evidence relating to his prior settlement with the Commonwealth or any other collateral source payments because that information is irrelevant and unfairly prejudicial, and settlement evidence is barred by Federal Rule of Evidence 408. [ECF No. 397 at 1–3]. In his Motion in Limine Number 24, he similarly seeks a general bar on any settlement-related evidence under Rule 408. [ECF No. 409 at 1].

Federal Rule of Evidence 408 states that

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> 
>     **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> 
>     **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
> 
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. Rule 408's "prohibition applies equally to settlement agreements between a defendant and a third party and between a plaintiff and a third party." Portugues-Santana v. Rekomdiv Int'l, 657 F.3d 56, 63 (1st Cir. 2011). Accordingly, the motions, [ECF Nos. 397, 409], are GRANTED. Evidence relating to Plaintiff's settlement with the Commonwealth or any other settlement discussions is generally inadmissible, unless the offering party can prove that it is being used for one of the exceptions laid out in Rule 408(b). Regarding other collateral source

payments to Plaintiff, that evidence is also inadmissible unless it is established that the information is relevant to a particular issue and not outweighed by the danger of unfair prejudice.

> E.  **ECF No. 401: Plaintiff's Motion in Limine Number 16 to Bar Any Reference or Argument that Any Defendant will Suffer Adverse Consequences & ECF No. 402: Plaintiff's Motion in Limine Number 17 to Bar Any Reference to the Individual Defendants' Financial Inability to Pay a Judgment for Compensatory Damages**

Plaintiff's motions in limine Numbers 16 and 17 seek to prohibit evidence about the Individual Defendants' circumstances, including any adverse consequences they may suffer from an unfavorable verdict or their inability to pay any damages, because, in part, such evidence is unfairly prejudicial or may lead to a deflated damages award. [ECF No. 401 at 1; ECF No. 402 at 1].

Under Federal Rule of Evidence 401 "[e]vidence is relevant if it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Although relevant evidence is admissible, Fed. R. Evid. 402, the Court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The Court agrees that evidence about the impact any verdict or judgment will have on the Individual Defendants is not relevant to any claims and may result in unfair prejudice.  Accordingly, the motions, [ECF Nos. 401, 402], are GRANTED.

> F.  **ECF No. 403: Plaintiff's Motion in Limine Number 18 to Bar Any Reference to Jurors' Pecuniary Interests**

Plaintiff requests a ruling that bars any appeal to the jurors' pecuniary interests or their interests as taxpayers. [ECF No. 403 at 1].  Appeals of this nature are generally improper. Moore ex rel. Est. of Grady v. Tuelja, 546 F.3d 423, 429 (7th Cir. 2008) (stating that "[c]losing

remarks that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper"). Accordingly, the motion, [ECF No. 403], is GRANTED.

### G. ECF No. 404: Plaintiff's Motion in Limine Number 19 to Exclude Non-Party Witnesses from the Courtroom

Plaintiff moves to prohibit non-party witnesses from being present in the courtroom. [ECF No. 404 at 1]. Under Federal Rule of Evidence 615,

> [a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
> **(a)** a party who is a natural person;
> **(b)** an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> **(c)** a person whose presence a party shows to be essential to presenting the party's claim or defense; or
> **(d)** a person authorized by statute to be present.

Fed. R. Evid. 615. Accordingly, the motion, [ECF No. 404], is GRANTED, with the exception that, if applicable, any expert witnesses and party representatives may remain in the courtroom. See Bartlett v. Mut. Pharm. Co., No. 08-cv-00358, 2010 WL 3092649, at *9 (D.N.H. Aug. 2, 2010) ("[T]here is little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case." (internal quotation marks and citations omitted)).

### H. ECF No. 405: Plaintiff's Motion in Limine Number 20 to Bar Duplicative Witness Examinations

Plaintiff asks the Court to order Defendants to designate one primary attorney per witness examination and cross-examination to avoid duplicative testimony that would unnecessarily prolong the trial and be unfair to Plaintiff. [ECF No. 405 at 1].

As noted above, under Rule 403 the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, *wasting time, or needlessly*

*presenting cumulative evidence.*" Fed. R. Evid. 403 (emphasis added). At this time the Court declines to put limits on how Defendants present their case and the motion, [ECF No. 405], is DENIED. Although this motion is denied, the Court encourages all parties to be efficient in their presentations and mindful of the jurors' time. The parties may make specific objections pursuant to Rule 403 as appropriate at trial if they have a good faith basis for believing that time is being wasted or cumulative evidence is being presented.

### I.  ECF No. 407: Plaintiff's Motion in Limine Number 22 to Bar Reference to the Fact that Plaintiff's Attorneys are from Out of Town

Plaintiff moves to prohibit any reference to the fact that Plaintiff's attorneys practice in offices in Chicago and Washington, D.C. and do not have an office in Boston. [ECF No. 407 at 1]. The motion, [ECF No. 407], is GRANTED in part and DENIED in part. During voir dire, all attorneys will be required to introduce themselves and identify where they work. Beyond that, the Court sees no reason why there should be any need to reference where Plaintiff's attorneys practice and, in any event, there is to be no suggestion that lawyers that practice outside of Massachusetts are outsiders.

### J.  ECF No. 408: Plaintiff's Motion in Limine Number 23 to Bar Police Officers from Wearing Police Attire, Badges, and/or Medals during Trial

Plaintiff seeks to bar Defendants and other witnesses from wearing law enforcement uniforms, badges, or medals during trial because it may subliminally influence the jury. [ECF No. 408 at 1–2]. The motion, [ECF No. 408], is DENIED. The Court will not involve itself in the reasonable dress of any party or witness or prohibit a party or witness from wearing a work uniform in a case that involves conduct that took place during work.

## II. CONCLUSION

Accordingly, for the reasons set forth above, these motions in limine are resolved as follows:

- ECF Nos. 384, 393, 397, 401, 402, 403, 404, and 409 are <u>GRANTED</u>;
- ECF No. 407 is <u>GRANTED</u> in part and <u>DENIED</u> in part;
- ECF Nos. 394 and 405 are <u>DENIED</u> with leave to renew at trial; and
- ECF No. 408 is <u>DENIED</u>.

**SO ORDERED.**

March 1, 2022                                                    /s/ Allison D. Burroughs
                                                                 ALLISON D. BURROUGHS
                                                                 U.S. DISTRICT JUDGE