UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGEL ECHAVARRIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 16-cv-11118-ADB |
| J.  MICHAEL ROACH et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**SECOND MEMORANDUM AND ORDER ON MOTIONS IN LIMINE**

BURROUGHS, D.J.

Currently before the Court are numerous motions in limine filed by Plaintiff Angel Echavarria ("Plaintiff") and Defendants.  [ECF Nos. 378–413].  For the reasons set forth below, (1) ECF Nos. 386 and 399 are GRANTED; (2) ECF Nos. 380, 381, 385, 388, 389, 400, 406, 411 and 413 are GRANTED in part and DENIED in part; (3) ECF Nos. 379, 382, and 412 are DENIED with leave to renew at trial; and (4) ECF Nos. 378, 390, 395, 396, 398, and 410 are DENIED.

## I.       DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and allegations in this case.  In sum, Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and other laws, alleging that Defendants violated his civil rights by engaging in unlawful conduct during the investigation that led to his now-vacated conviction for first-degree murder.  [ECF No. 1].  The Court ruled on Defendants' motions for summary judgment, [ECF No. 335], and the case is now ready for trial.

A.     **Defendants' Motion In Limine To Bar Certain Plaintiff's Witnesses For Non-Conformance With Rule 26 (ECF No. 378) and Plaintiff's Motion In Limine No. 3 To Bar Undisclosed Witnesses And Witnesses Who Have No Factual Knowledge Relating To The Case (ECF No. 390)**

Both sides have moved to exclude witnesses due to the opposing party's alleged failure to adequately disclose under Federal Rule of Civil Procedure 26(a).  [ECF Nos. 378, 390].  Given the overlapping factual issues and arguments presented in the motions, the Court considers them together.  For the reasons set forth below, both motions are <u>DENIED</u>.

Defendants ask the Court to bar the testimony of twenty-three witnesses on Plaintiff's Rule 26(a)(3) disclosures because, prior to his February 7, 2022 pre-trial disclosures, (1) eight witnesses were never disclosed and (2) fifteen witnesses that were disclosed did not previously, or still do not, have accompanying contact information.  [ECF No. 378].  Defendants argue that Plaintiff had a duty to supplement his disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).  Plaintiff has withdrawn five of the witnesses that Defendants contend were never disclosed and seven of the witnesses that did not have contact information.  [ECF No. 439 at 1, 2 n.1].  Accordingly, Defendants' motion is <u>DENIED</u> as moot as to those twelve witnesses.

For his part, Plaintiff moves to exclude three of Defendants' witnesses including: (1) James Carney, who he argues was never disclosed prior to pre-trial disclosures; (2) the Massachusetts Municipal Police Training Committee ("MMPTC") or any of its employees or agents because Defendant the City of Lynn (the "City") did not provide the name of a specific individual with relevant information; and (3) Judge Howard Whitehead because he lacks personal knowledge.  [ECF No. 390 at 2–4].

Under Federal Rule of Civil Procedure 26(a)(1), in its initial disclosures a party shall disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ."  There is an ongoing duty to timely supplement these

disclosures.  Fed. R. Civ. P. 26(e).  Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party

fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

allowed to use that. . . witness. . . at a trial, unless the failure was substantially justified or is

harmless."  Fed. R. Civ. P. 37(c)(1)(A)-(C).  The late disclosing party "has the burden of proving

substantial justification or harmlessness."  Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d

285, 293 (D. Mass. 2006).

> 1.   Defendants' Arguments Against Plaintiff's Remaining Witnesses

As noted above, Plaintiff did not provide contact information for several witnesses prior

to his pre-trial disclosures and still has not provided that information for a few witnesses.  [ECF

No. 378 at 3; ECF No. 418-2].

To start, because the City included two of these witnesses on its own disclosures (Ann

Driscoll and Florence Graves), Defendants could have contacted these witnesses during

discovery, [ECF No. 439 at 2; ECF No. 439-4 at 6], and Plaintiff's failure to provide their

contact information is harmless.  Accordingly, Defendants' motion is DENIED as to these two

witnesses.

For the remaining witnesses with late (or never) disclosed contact information, by its

terms, Rule 26(a)(1) requires the disclosure of contact information "if known."  Fed. R. Civ. P.

26(a)(1).  Plaintiff argues that he has not withheld any information and "he has provided the best

information possible about the location of the witnesses disclosed in this case at each stage of the

case." [ECF No. 439 at 2].  The Court accepts this representation and finds that there is no

evidence that Plaintiff intentionally withheld or acted in bad faith when failing to disclose these

witnesses' contact information.  Though Plaintiff's brief is light on details regarding his efforts

to locate contact information and supplement his disclosures, his inability to acquire the contact

information for these witnesses justifies his late disclosure.  Additionally, regarding harm to

Defendants, they have known the names of these individuals since before the discovery deadlines

in this case, but they have not demonstrated that they ever followed up with Plaintiff to get

contact information or that they sought to subpoena any of these witnesses.  Defendants also

have not pointed the Court to any case law holding that a witness be excluded for late disclosure

of contact information alone.  Based on the record before it, the Court declines to impose the

harsh sanction of exclusion for failure to provide contact information.

Defendants also argue that witnesses Cesar Rijo, Gilberto Rivera, and Derek Erdman

were not disclosed at all until February 7, 2022.  Plaintiff contends that all three were disclosed

prior to that.  First, Plaintiff claims that Mr. Rivera was disclosed in his Rule 26(a)(1)

disclosures.  [ECF No. 439 at 1].  Upon review, it is clear that Mr. Rivera was included on

Plaintiff's initial disclosures, although his contact information was listed as "investigation

continues."  [ECF No. 439-1 at 5].  Accordingly, exclusion is not warranted and Defendants'

motion is denied as to Mr. Rivera.  Next, Plaintiff explains that Mr. Erdman was disclosed via a

February 2019 affidavit filed in support of a motion to secure the deposition of Gary Sevinor in

this case.  [ECF No. 439 at 1–2; ECF No. 439-2].  Disclosing this witness via affidavit with

ample time to conduct additional discovery into the witness is sufficient to satisfy disclosure

obligations.  See Mudge v. Bank of Am., N.A., No. 13-cv-00421, 2015 WL 1321671, at *3

(D.N.H. Mar. 24, 2015) (finding that disclosure via affidavit in summary judgment briefing

satisfied disclosure obligations when there was additional time to conduct discovery).  Similarly,

Mr. Rijo was identified via an affidavit filed during Plaintiff's post-conviction proceedings.

[ECF No. 439 at 2; ECF No. 439-3].  Although that affidavit was not originally filed in the case

before this Court, Plaintiff's disclosure obligations were satisfied given that the post-conviction

proceedings have been central to this case and Defendants were clearly aware of those proceedings.

        2.    <u>Plaintiff's Arguments</u>

Plaintiff asks the Court to exclude James Carney, Judge Whitehead, and the MMPTC from testifying.

As to Mr. Carney, Plaintiff argues that he was disclosed for the first time in Defendants' pre-trial disclosures. [ECF No. 390 at 2]. Defendants counter that Mr. Carney was disclosed through multiple depositions of other witnesses that were noticed by Plaintiff. [ECF No. 428 at 2; ECF No. 428-1 at 10–13; ECF No. 428-2 at 7–9]. Just as Plaintiff argued that his witnesses were properly and timely disclosed via affidavit, given that Plaintiff learned of Mr. Carney in depositions that he noticed during discovery, he cannot claim surprise. <u>See</u> [ECF No. 439 at 2 (Plaintiff's brief arguing that "[l]astly, Cesar Rijo was disclosed by affidavit as well, during post-conviction proceedings . . . and like Erdman, Defendants cannot be surprised that he is a witness with knowledge of the case")]. Accordingly, Plaintiff's motion is <u>DENIED</u> as to Mr. Carney.

Next, Plaintiff points to Judge Whitehead's declaration in this case, which states that he does not remember the content of a two-day training on homicide investigations he delivered while Assistant District Attorney at the Essex County District Attorney's Office ("Essex DA"). [ECF No. 390 at 3; ECF No. 390-3]. For this reason, Plaintiff claims he must be excluded because he lacks personal knowledge about any probative facts. [ECF No. 390 at 3–4]. Because Judge Whitehead formerly worked for the Essex DA, [ECF No. 390-3], and given that the Essex DA played a role in Plaintiff's initial criminal trial and investigation, the declaration alone is insufficient to find that Judge Whitehead lacks any personal knowledge about anything probative

in this case.  Accordingly, Plaintiff's motion is <u>DENIED</u> with leave to raise any objections regarding Judge Whitehead's personal knowledge at trial.

Plaintiff also argues that the City's witness, the MMPTC, was not properly disclosed because the City did not identify a specific individual associated with this organization.  [ECF No. 390 at 2–3].  It is undisputed that the MMPTC and its address were listed on the City's supplemental Rule 26(a)(1) disclosures, but a specific individual was not identified.  [ECF No. 390-1].  Defendants counter that they listed the organization as a corporate witness and Plaintiff could have issued a Rule 30(b)(6) subpoena during discovery.  [ECF No. 428 at 3–4].  The Court acknowledges that the City never responded to Plaintiff's request to provide the name of an individual from the organization.  [ECF No. 390-2].  On balance, however, because contact information was provided for the organization during discovery and Plaintiff has not demonstrated that he attempted to subpoena the organization, the Court will not impose the harsh sanction of exclusion.  Therefore, Plaintiff's motion is <u>DENIED</u> as to the MMTPC.

Finally, Plaintiff also seeks a blanket prohibition on Defendants calling witnesses who they did not include in their pre-trial disclosures or calling any currently unidentified police officers.  [ECF No. 390 at 1–2, 4].  The request is <u>DENIED</u> with leave to renew at trial should either party seek to call an undisclosed witness.

In sum, for the reasons set forth above, both motions are <u>DENIED</u>.  The parties are encouraged to provide each other with the required contact information and to act cooperatively in securing witness contact and appearances.

## B.   Defendants' Motion In Limine To Exclude Admission Of Police Report (ECF 379)

Defendants ask the Court to exclude a proposed exhibit that contains unidentified handwriting and other "unoriginal markings."   [ECF No. 379].  The exhibit is a November 14,

1993 police report from an arrest of Mariano Bonifacio, who Plaintiff alleges was a potential suspect in the Daniel Rodriguez murder investigation.  [Id. at 1; ECF No. 379-1].  The unidentified markings that Defendants challenge include underlines and brackets; a "telefax transmission line"; handwritten circles around names, dates and case numbers; and the handwritten word "cooperator" or "cooperation."  [ECF No. 379 at 1–2].  Defendants argue that these markings are more prejudicial than probative and are inadmissible hearsay.  [Id. at 2]. Plaintiff opposes the motion, arguing that the content of the report and the unidentified handwriting are highly relevant given the importance of Mr. Bonifacio's alleged cooperation. [ECF No. 443 at 2].  Plaintiff contends that the markings, particularly the "cooperator" or "cooperation" notation is admissible because Mr. Bonifacio's former attorney testified that he believes the handwriting belongs to former City police captain, Fred Stinson, and, if authored by a City employee, would be admissible under multiple provisions of Federal Rule of Evidence 801(d).  [Id. at 3–5].

Under Federal Rule of Evidence 401 "[e]vidence is relevant if it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Although relevant evidence is admissible, Fed. R. Evid. 402, the Court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Court agrees that this evidence is plainly relevant to Plaintiff's suppression of evidence theory regarding Mr. Bonifacio, and the potential risk that the handwriting would focus the jury on certain portions of the report does not substantially outweigh its probative value.  As to the hearsay objection, Defendants have not fully developed this argument and have not shown that

the handwritten notes and markings could not be offered for an admissible purpose.

Accordingly, the motion is <u>DENIED</u> with leave to renew at trial.

C.      **Defendants' Motion In Limine To Exclude Testimony Regarding Matters Decided By The Supreme Judicial Court (ECF 380)**

Defendants seek a ruling barring any evidence or testimony relating to three issues that they argue were conclusively decided by the Supreme Judicial Court ("SJC"): (1) the constitutionality of Gary Sevinor's identification; (2) the constitutionality of Isidoro Rodriguez's ("Isidoro")[1] identifications; and (3) Isidoro's competency.  [ECF No. 380].  The motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.

First, as to the identification process used with Mr. Sevinor, Plaintiff agrees that, consistent with the Court's prior ruling on the motions to dismiss and for reconsideration, he will not pursue a claim that Mr. Sevinor's identification procedures were unduly suggestive.  [ECF No. 440 at 3].  Thus, the motion is <u>DENIED</u> as moot on this issue.

Second, as to the constitutionally of Isidoro's identification procedures, at the motion to dismiss stage the Court held that this theory was not barred under the doctrine of issue preclusion.  [ECF No 96 at 18–19].  Because Defendants have not meaningfully explained why the Court should now reconsider this ruling, the motion is <u>DENIED</u> as to this issue.

Finally, Defendants argue that the SJC judged that Isidoro was competent to testify in the criminal trial and Plaintiff should not now be allowed to present testimony that contradicts that finding.  [ECF No. 380 at 1–2].  As a general matter, issues that have been decided by the SJC and satisfy the principles of issue preclusion will not be admitted.  In Massachusetts, the "doctrine of issue preclusion provides that when an issue has been actually litigated and

---

[1] The Court will refer to Isidoro Rodriguez by his first name to avoid confusion with Daniel Rodriguez.

determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim." Jarosz v. Palmer, 766 N.E.2d 482, 487–88 (Mass. 2002) (quotation marks and citation omitted).

In his appeal of his murder conviction, Plaintiff raised the issue of Isidoro's competence and the SJC made an explicit finding as to the issue when it stated that "our examination of the record leads us to conclude that Isidoro was far from failing the not very stringent test of competence we have set forth . . . ." Com. v. Echavarria, 703 N.E.2d 1137, 1139 (Mass. 1998). Thus, the elements of issue preclusion are satisfied: the issue was litigated and determined by a final judgment, and the determination was essential to that judgment.  Accordingly, the motion is GRANTED as to the ultimate issue of Isidoro's competence.  That being said, other testimony concerning Isidoro may be admissible for other purposes, although this cannot currently be determined on the record before the Court.  With regards to such potential issues, the motion is DENIED with leave to renew at trial.

**D.    Defendants' Motion In Limine Regarding The Introduction Of The Cooney Report (ECF No. 381)**

Defendants move to exclude the use of a report authored by Trooper Michael Cooney (the "Cooney Report"), or any testimony about it, particularly for the purpose of establishing that the Cooney Report was exculpatory evidence withheld from Plaintiff during his criminal trial because the record shows that the Cooney Report was available at trial and known to his defense attorney.  [ECF No. 381 at 1–2].  Plaintiff opposes the motion because the Cooney Report contains evidence that is relevant and admissible for other purposes, even if it does not directly support a suppression of evidence claim.  [ECF No. 437 at 2–4].

The motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.  Based on the representation of the parties, the Cooney Report will not be admissible to show that exculpatory alibi evidence was withheld since it was available to Plaintiff during his criminal trial.  To the extent that it may be admissible or used for other purposes, the Court will make those determinations at trial subject to proper objections and the Rules of Evidence, including the rules that concern hearsay.

### E.  Defendants' Motion In Limine To Exclude Plaintiff's Purported Criminal Defense File (ECF No. 382)

Defendants ask the Court to exclude approximately 370 pages of documents that Plaintiff represents were part of his criminal defense file because there is no witness that can authenticate the file.  [ECF No. 382 at 1].  Defendants contend that the file is also plainly incomplete as it is missing several pages and that deposition testimony from Plaintiff's defense attorney, Charles Robson, demonstrates that he is unable to confirm that the file is complete and accurate.  [<u>Id.</u> at 2–3].  Thus, Defendants assert that the file is inadmissible hearsay under Federal Rules of Evidence 803 and 805 and cannot be authenticated as required by Rule 901(a).  [ECF No. 382 at 2–4].  Plaintiff counters that Mr. Robson authenticated the file during his deposition, and his testimony will again authenticate the file at trial.  [ECF No. 438 at 3–4].

The burden imposed by Rule 901 is a relatively modest one.  The proponent need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Notably, this does not require the Court to find that the item is what the proponent claims it is—instead, the proponent need only introduce evidence sufficient for a jury to make that finding.  <u>See</u> <u>United States v. Alicea-Cardoza</u>, 132 F.3d 1, 4 (1st Cir. 1997).  Further, Federal Rule of Evidence 901(b) provides several examples of evidence that may support a finding of authenticity, one of which is "testimony of a witness with knowledge" that an item "is what it is claimed to be."  Fed. R. Evid. 901(b)(1).

Given Plaintiff's representation that Mr. Robson will testify at trial as to the file's authenticity, which Defendants can probe via cross-examination, the Court declines to exclude the purported criminal defense file at this time.  The motion is <u>DENIED</u> with leave to renew objections, including hearsay objections, at trial.

### F.   Defendants' Motion In Limine That Plaintiff's Arguments Regarding Suppressed Bonifacio Evidence Are Barred By Judicial Estoppel (ECF No. 385)

Defendants contend that, during his motion for new trial in state court, Plaintiff premised his ineffective assistance of counsel claim on the fact that certain Bonifacio-related evidence was available to his trial counsel but trial counsel failed to use it.  [ECF No. 385 at 2–3].  Defendants now seek a ruling that Plaintiff is judicially estopped from asserting that evidence relating to Mr. Bonifacio was unlawfully kept from him.  [Id.].  Plaintiff counters that the only evidence that was at issue in the motion for a new trial was the testimony from Isidoro at his probable cause hearing stating that he pointed to Mr. Bonifacio's photograph when looking at mug books on the night of the murder.  As such, Defendants' request for a broad order precluding Bonifacio-related evidence is unwarranted.  [ECF No. 441 at 3].  A review of the order granting a new trial shows that the Massachusetts Superior Court interpreted Plaintiff's argument to be that his attorney was ineffective "because he failed to present Isidoro's testimony from the probable cause hearing relating to his identification of the photograph of Mr. [Bonifacio] immediately following the murder."  [ECF No. 385-2 at 10]; <u>see also</u> [ECF No. 441-1 at 2–13 (Plaintiff's motion for a new trial filed in the Superior Court, which argues that relevant testimony from Isidoro at the probable cause hearing was available to defense counsel and never presented to the jury, but also contending that other evidence relating to Mr. Bonifacio was actually never disclosed to the defense)].

"Judicial estoppel is an equitable doctrine that 'prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding.'" <u>RFF Family Partnership, LP v. Ross</u>, 814 F.3d 520, 527 (1st Cir. 2016) (quoting <u>Perry v. Blum</u>, 629 F.3d 1, 8 (1st Cir. 2010)). Because Plaintiff has acknowledged that he had access to the transcript of Isidoro's probable cause testimony during his initial criminal trial and that he relied on that as the basis for his ineffective assistance of counsel claim, he is estopped from taking a contrary position in this case. As to any other evidence relating to Mr. Bonifacio beyond Isidoro's probable cause testimony, Defendants have not adequately explained how this other allegedly suppressed evidence formed the basis of Plaintiff's previous litigation position and have not demonstrated that judicial estoppel should apply. Thus, the motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.

## G. Defendants' Motion In Limine Regarding Disclosure Of Decision Granting New Trial (ECF No. 386)

Defendants ask that any testimony asserting that Plaintiff has been judged not guilty of Daniel Rodriguez's murder be excluded. [ECF No. 386]. Plaintiff argues that evidence relating to his innocence is essential to his claims and highly relevant to his ability to present his damages case. [ECF No. 442 at 2–3]. The Court does not interpret Defendants' motion to seek a broad ruling that any evidence relating to Plaintiff's innocence or guilt be precluded, but rather that it seeks a narrower order barring any testimony that Plaintiff has been found not guilty or innocent by a court of law. <u>See</u> [ECF No. 386 at 2 (Defendants arguing that "Plaintiff should therefore be precluded from testifying or having any witness assert that he has been found not guilty or innocent")]. The Court agrees that procedurally speaking Plaintiff has not been declared innocent, but instead was granted a new trial, following which the District Attorney declined to re-try the case and entered a *nolle prosequi*. [ECF No. 386-2]. Plaintiff does not appear to

dispute this procedural posture.  Accordingly, Defendants' motion is <u>GRANTED</u> to the extent it

seeks an order barring any testimony that a court has found Plaintiff not guilty.  This order does

not bar Plaintiff from testifying that he asserts his innocence or offering evidence that he believes

supports his innocence.  Such evidence may be relevant to his claims, including damages, and

the Court will consider specific objections at trial.  If necessary, the Court will rule on an

appropriate jury instruction at a later time.

### H.     ECF No. 388: Plaintiff's Motion In Limine No. 1 To Bar Alleged Bad Act Evidence (ECF No. 388)

Plaintiff moves to exclude evidence or testimony relating to several purported "bad acts"

including (1) his prior arrests and uncharged crimes; (2) his prison disciplinary history; and (3)

his marital infidelity.  [ECF No. 388].  Plaintiff argues that these bad acts are barred by Federal

Rule of Evidence 404 and are more prejudicial than probative.

> Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not
> admissible to prove the character of a person in order to show action in conformity
> therewith."  But, such evidence is admissible so long as the following, two part test
> is satisfied: First, in accordance with Rule 404(b), the evidence must have special
> relevance to an issue in the case such as intent[,] knowledge, [or absence of mistake
> or accident,] and must not include bad character or propensity as a necessary link
> in the inferential chain.  Second, consistent with Federal Rule of Evidence 403, the
> probative value of the evidence must not be substantially outweighed by the danger
> of unfair prejudice.  Evidence is unfairly prejudicial if it invites the jury to render a
> verdict on an improper emotional basis.

<u>DiRico v. City of Quincy</u>, 404 F.3d 464, 467–68 (1st Cir. 2005) (some internal quotation marks

and citations omitted).

Defendants agree that any prior bad act evidence will not be introduced for the purpose of

establishing that Plaintiff had a propensity to murder Daniel Rodriguez or to commit any other

bad act but argue that beyond propensity, this evidence is relevant for a host of other permissible

reasons including impeachment and rebutting any claims relating to damages.  [ECF No. 426 at

2]. The Court cannot rule on whether this evidence is completely irrelevant or unduly prejudicial without seeing how the case is presented at trial. Accordingly, the Court declines to enter a blanket prohibition on any evidence relating to prior arrests, alleged infidelity, and prison discipline. But, given the potentially inflammatory and prejudicial nature of the prior bad acts described in Plaintiff's motion, Defendants shall not elicit any testimony or seek to introduce any evidence related to these prior bad acts without expressly seeking leave of Court before doing so. See Mowrey v. City of Fort Wayne, No. 12-cv-00121, 2013 WL 6512664, at *2 (N.D. Ind. Dec. 12, 2013) ("Prior arrests that did not lead to a conviction are usually inadmissible under Rule 403's balancing test and Rule 404(b)'s bar against character evidence.").

Accordingly, the motion is GRANTED as unopposed to the extent any evidence would be offered to show propensity and is otherwise DENIED with leave to renew at trial.

### I.   Plaintiff's Motion In Limine No. 2 to Bar After-Acquired Hearsay Evidence (ECF No. 389)

Plaintiff moves to exclude any reference to after-acquired evidence about Plaintiff's purported drug-related activity, which was unknown to Defendants at the time of Plaintiff's arrest for Daniel Rodriguez's murder and cannot therefore be used as a justification for the arrest. [ECF No. 389 at 1]. Plaintiff argues that such evidence is not relevant and regardless any probative value is outweighed by prejudice. [Id. at 2]. Defendants oppose the motion, in part, because such evidence of alleged drug-dealing activity would be relevant to damages relating to his loss of income and ability to support his family and any claim of actual innocence, and that the exclusion of this evidence would allow Plaintiff to unfairly shape the ligation strategy. [ECF No. 424 at 2–4]. Defendants also represent that they will not offer this evidence to argue there was probable cause for Defendants' arrest or as a post hoc justification for the arrest. [Id. at 2].

The motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.  As a general matter, hearsay statements will be admitted or excluded consistent with the Federal Rules of Evidence and appropriate hearsay objections may be made at trial.  The Court, however, will not categorically exclude testimony about any alleged prior drug-dealing activity, particularly as it may be relevant to Plaintiff's damages.  Consistent with the Court's ruling on [ECF No. 388], the parties shall seek leave of Court before eliciting testimony or introducing evidence related to drug-dealing activity.  The Court accepts Defendants' representations that they will not offer admissions for improper purposes, including to establish probable cause for an arrest or a post hoc justification for the arrest.

### J.        Plaintiff's Motion In Limine No. 8 To Bar Testimony That His Criminal Defense Attorney Was Not Reasonably Diligent (ECF No. 395)

Plaintiff seeks an order barring testimony or evidence to suggest that his initial criminal defense attorney, Charles Robson, was not reasonably diligent in his efforts to represent him. [ECF No. 395].  Plaintiff argues that such claims may confuse the jury into thinking that inadequate representation, rather than Defendants' actions, led to his wrongful conviction and that Mr. Robson had a higher burden to investigate than the law requires.  [<u>Id.</u> at 2–3].  Plaintiff does not cite to any relevant case law holding that this type of evidence should be broadly excluded.  Mr. Robson's diligence or lack there of in pursuing alternative suspects or reviewing discovery is plainly relevant to the suppression theories in this case and Plaintiff has failed to convincingly show that it would be so prejudicial that it outweighs that probative value.  The motion is <u>DENIED</u>.

### K.   Plaintiff's Motion in Limine No. 9 to Bar Argument and Evidence Relating to Probable Cause (ECF No. 396)

Plaintiff seeks to prohibit evidence and testimony about probable cause because it is not related to any of the remaining claims in this case.  [ECF No. 396 at 1–2].  Defendants agree that probable cause to arrest Plaintiff is no longer at issue in this case and request a jury instruction stating that Plaintiff was properly arrested and there was probable cause for his arrest.  [ECF No. 445 at 1].

The motion is <u>DENIED</u> as moot given the apparent agreement between the parties on the relevance of probable cause.  The Court will consider an appropriate jury instruction at trial, if warranted.

### L.   Plaintiff's Motion In Limine No. 11 To Bar Defendant City Of Lynn From Contradicting Its Rule 30(B)(6) Deposition Testimony (ECF No. 398)

Plaintiff asks the Court to prohibit the City from presenting evidence at trial that contradicts the testimony given by its Rule 30(b)(6) designee during discovery.  [ECF No. 398 at 1–2].  Plaintiff asserts that the Rule 30(b)(6) witness had a duty to be prepared and knowledgeable at the time of the deposition.  [<u>Id.</u>].

The Court recognizes that the City has an obligation to prepare its Rule 30(b)(6) witnesses and the purpose of discovery in general is to prevent the "sandbagging" of the other party.  <u>Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.</u>, 201 F.R.D. 33, 37–38 (D. Mass. 2001).  Even so, Plaintiff's argument that the City's 30(b)(6) witness is bound by his prior testimony overstates the law.  Instead, although testimony from a Rule 30(b)(6) representative is admissible against the party that designates the representative, it "is not a judicial admission absolutely binding on that party."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2103 n.35  (Supp. 2007).  And, as other courts have

recognized, any deviation between 30(b)(6) testimony and testimony at trial goes to the weight of the evidence and credibility of the witness.  A.I. Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001) (noting that the "sounder view" is that "testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes" (quoting Indus. Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000))); R & B Appliance Parts, Inc. v. Amana Co., 258 F.3d 783, 786 (8th Cir. 2001) ("Although [the corporation] is certainly bound by [the 30(b)(6) witness's] testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition."); Hanna v. Giant Eagle Inc, 777 F. App'x 41, 42 (3d Cir. 2019) (affirming lower court's decision to allow evidence that contradicted the 30(b)(6) testimony); State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 212 (E.D. Pa. 2008) (collecting cases).

Therefore, the Court will not bar all testimony and evidence that may contradict the Rule 30(b)(6) deposition testimony.  Plaintiff is free to explore the inconsistencies between the trial testimony and prior testimony on cross-examination.  Accordingly, the motion is DENIED.

**M.    Plaintiff's Motion in Limine No. 12 to Bar References to Gangs (ECF No. 399)**

Plaintiff requests a ruling that bars any references to "gangs" or terms synonymous with gangs because the terms are inherently inflammatory, there has been no discovery about gangs, and the subject has no relevance to the issues at trial.  [ECF No. 399].  Defendants argue that Plaintiff joined a gang while in prison and evidence regarding his prison experience may be relevant to damages.  [ECF No. 446 at 1].  Although they do not know the extent to which they would offer such evidence, Defendants protest a blanket prohibition on all gang references at this

time and represent that they will not allege that Plaintiff was affiliated with a gang prior to his arrest.  [Id.].  The motion is GRANTED with the caveat that the Court may reconsider this ruling as the case progresses at trial.  It is possible that references to gang affiliation may be appropriate for impeachment, but this will depend on the testimony on direct and the strength and relevance of the evidence concerning gang involvement.  Gangs should not be referenced without first seeking leave of Court to revisit this ruling.

### N.    Plaintiff's Motion in Limine No. 15 to Bar References to Former Claims or Former Defendants (ECF No. 400)

Plaintiff requests that the Court bar Defendants from referencing any claims or individuals that are no longer part of this case because it would be prejudicial for the jury to learn of such individuals or claims.  [ECF No. 400 at 2].  Plaintiff also asks that Defendants be barred from suggesting that other individuals who are current or former employees of the City Police Department or Massachusetts State Police are actually responsible.  [Id.].  Defendants oppose any attempts to preclude mention of others not named as defendants in this case as an inappropriate attempt to shape their litigation strategy.  [ECF No. 425 at 1–2].  Defendants do not oppose Plaintiff's limited request that any reference to former claims or former defendants should be barred.  [Id. at 2].

The motion is GRANTED in part and DENIED in part.  By the agreement of the parties, neither party will reference "former claims" or "former defendants."  The Court will not otherwise preemptively bar Defendants from suggesting that other former or current employees of the Massachusetts State Police or the City Police Department were at fault, subject to proper objections at trial, and compliance with the rules of discovery that required the prior identification of such individuals.

### O.   Plaintiff's Motion In Limine To Bar References To Defendants' Good Character (ECF No. 406)

Plaintiff, relying on Federal Rule of Evidence 404(a), moves to prohibit Defendants from introducing evidence of their own good character, including commendations and awards.  [ECF No. 406 at 1].  Plaintiff argues that in this case Defendants' character is not at issue, and therefore they cannot introduce evidence of their own good acts to allow for the inference that they conducted themselves as model officers.  [Id.].  Defendants oppose the motion as an inappropriate attempt to bar all information about Defendants' backgrounds.  [ECF No. 423 at 2].  The motion, [ECF No. 406], is GRANTED in part and DENIED in part.  In accordance with Federal Rule of Evidence of 404(a)(1), evidence of character will not be admitted "to prove that on a particular occasion the person acted in accordance with the character or trait," but will be admitted for other proper purposes, including as background or "resume" information.  Leave is granted to make specific objections to evidence at trial and the Court will give a limiting instruction consistent with Rule 404(a)(1) if warranted.

### P.   Plaintiff's Motion In Limine No. 25 To Bar Defendants' Presentment Defense And Stephen Martin's Testimony (ECF No. 410)

Plaintiff requests a ruling that Defendants are barred from arguing that Plaintiff's state law claims were not properly presented and prohibiting Stephen Martin from testifying.  [ECF No. 410 at 1].  Plaintiff argues that the undisputed facts show that Plaintiff's presentment letter was addressed to the mayor and sent and delivered to City Hall.  [Id.].  Interpreting the SJC's ruling in Drake v. Town of Leicester, 140 N.E.3d 413, 416 (Mass. 2020), Plaintiff argues that whatever happened to the letter after its arrival to City Hall is irrelevant because Drake shows that the Mayor's actual receipt of the claim is not necessary so long as it was received by his office.  [Id. at 2].  Defendants oppose the motion because they contend that issues of fact

regarding the letter's delivery still exist, and they should be permitted to present that evidence to the jury.  [ECF No. 433 at 1–2].  For the purposes of summary judgment, the Court agreed that Defendants had failed to show that no reasonable factfinder could determine that the letter was properly addressed or arrived at City Hall.  This was not, however, a finding that that the letter was properly addressed and delivered to the Office of the Mayor and the Court concluded that "triable facts still exist as to whether the letter was received by the Office of the Mayor."  [ECF No. 335 at 60].  Thus, if Defendants have testimony or evidence relevant to the factual issues surrounding the presentment letter (i.e., whether it was properly addressed and what happened once the letter arrived at City Hall), they will be permitted to present those facts.  Plaintiff can explore the credibility of that testimony and evidence on cross-examination.  The Court will consider an appropriate jury instruction regarding the presentment requirement, if necessary, at a later time.  Therefore, the motion is <u>DENIED</u>.

### Q.    Plaintiff's Motion In Limine No. 13 To Bar Bad Act Evidence Of Third-Party Witnesses (ECF No. 411)

Relying on Federal Rules of Evidence 404(b) and 609, Plaintiff seeks exclusion of any evidence of alleged prior bad acts by third-party trial witnesses.  [ECF No. 411 at 1–4].  In his motion, Plaintiff specifically argues against bad act evidence relating to Plaintiff's criminal trial attorney Charles Robson and witness Alberto Cuevas because that evidence is irrelevant and prejudicial.  [<u>Id.</u> at 2–4].  Defendants argue that this evidence is admissible for non-propensity purposes.  [ECF No. 423 at 1–2].  As to Mr. Robson, Defendants argue that he is being offered as an expert and his background and credentials can be fairly cross-examined.  [<u>Id.</u> at 2–3].  As to Mr. Cuevas, Defendants argue that evidence of a twenty-year-old conviction should be available for impeachment purposes and is relevant to his conduct in 1994.  [<u>Id.</u> at 3].

The motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.  Consistent with Federal Rule of Evidence 404, any evidence of prior bad acts or convictions will not be admissible to show propensity.  Such evidence, however, may be admitted for other purposes, consistent with the Federal Rules of Evidence.  In general, it is conceivable that the information at issue regarding both Mr. Robson and Mr. Cuevas may be admissible for some purpose, but the Court is not in a position to make that determination in advance of their testimony.  Further, as to unidentified third parties who may have committed prior bad acts, the Court declines to make an advisory ruling and will, as with Mr. Robson and Mr. Cuevas, rule on any objections or motions properly advanced at trial.

### R.    Plaintiff's Motion In Limine No. 14 To Bar Evidence Of Massachusetts State Statutes (ECF No. 412)

Plaintiff moves to exclude testimony relating to three Massachusetts state statutes that are currently included on Defendants' exhibit list.  [ECF No. 412 at 1].  Plaintiff argues that any testimony would be an improper legal conclusion, hearsay, and irrelevant.  [<u>Id.</u>].

As a general matter, the Court agrees that any testimony purporting to offer a legal conclusion about the proper interpretation of a statute will not assist the trier of fact and invades the province of the judge and the jury.  <u>Strahan v. Sec'y, Massachusetts Exec. Off. of Energy & Env't Affs.</u>, No. 19-cv-10639, 2021 WL 2267180, at *5 (D. Mass. June 3, 2021) (excluding expert testimony interpreting a court case and a statute because it "is well-settled that [e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact"); <u>Bacchi v. Mass. Mut. Life Ins. Co.</u>, No. 12-cv-11280, 2016 U.S. Dist. LEXIS 37772, *7 (D. Mass. Mar. 23, 2016) (holding that "[e]xpert testimony proffered solely to establish the meaning of a law is presumptively improper.").  It is not clear, however, that Defendants' witnesses are planning to interpret the statutes, rather than simply testifying about their awareness of the statutes' existence

and the impact those statutes had on their operations.  [ECF No. 432 at 2 (Defendants' brief explaining their view that the City's "subjective awareness of, i.e., consciousness of, the three Massachusetts laws bearing directly on the policy, practice, and training claims advanced by Plaintiff in this case is relevant evidence")].  Plaintiff has not persuaded the Court that Defendants' factual testimony on the existence and their awareness of the law should be excluded.  Further, although Plaintiff argues that the statutes are irrelevant, because the statutes address training and homicide investigation protocols, they are relevant to the Monell claim against the City, which is based on the City's training and policies.  Accordingly, the motion is DENIED with leave to renew objections at trial if the testimony veers towards an impermissible legal conclusion or interpretation of the statutes, or if, after the record has developed at trial, it becomes clear that the statutes are not relevant.  The Court will consider any limiting instruction at a later time, if necessary.

  **S.**  **Plaintiff's Motion In Limine No. 26 To Bar Arguments And Evidence Regarding The Essex County District Attorney's Policies (ECF No. 413)**

  Plaintiff seeks an order barring any testimony or evidence about the Essex DA's policies and practices because they are irrelevant, post-date the Daniel Rodriguez investigation, and prior Rule 30(b)(6) testimony shows that the City does not have a witness that can testify about them. [ECF No. 413 at 1–4].

  Under Federal Rule of Evidence 401 "[e]vidence is relevant if it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Defendants argue that the Essex DA's policies and protocols, to the extent they applied to the City, are relevant to the claim that the City did not properly train its officers because the investigation was controlled by the Essex DA and the protocols that governed its investigation were set forth in the Essex DA's policies.  [ECF No. 433 at 2].  Plaintiff asserts

they are irrelevant because the Essex DA's policies are not probative of whether the City's policies and practices led to a violation of his constitutional rights.  [ECF No. 413 at 2].  The Court disagrees that the Essex DA's policies, which Defendants allege applied to the City's officers, have no relevance to the <u>Monell</u> claims.  The Court does agree, however, that the policies are only relevant if they were in place at the time of Daniel Rodriguez's homicide investigation.

Even if they are relevant, Plaintiff argues that Defendants have not disclosed any witness that can provide a foundation or testimony about the policies.  [ECF No. 413 at 4].  Defendants represent that they have several witnesses with personal knowledge that can testify about the policies.  [ECF No. 433 at 4–5].  Accordingly, proper objections regarding personal knowledge and foundation can be made at trial, but the Court is unable to preemptively rule on the issue without hearing the testimony of those witnesses.  And, as noted above, as a general matter, contradictory Rule 30(b)(6) testimony is subject to cross-examination and is not a basis for excluding these policies.

Therefore, the motion is <u>GRANTED</u> to the extent that Defendants attempt to introduce policies that were not in effect at the time of the Daniel Rodriguez investigation and otherwise <u>DENIED</u> with leave to renew objections to personal knowledge and foundation at trial.

## II.     CONCLUSION

Accordingly, for the reasons set forth above, these motions in limine are resolved as follows:

- ECF Nos. 386 and 399 are <u>GRANTED</u>;
- ECF Nos. 380, 381, 385, 388, 389, 400, 406, 411 and 413 are <u>GRANTED</u> in part and <u>DENIED</u> in part;
- ECF Nos. 379, 382, and 412 are <u>DENIED</u> with leave to renew at trial; and
- ECF Nos. 378, 390, 395, 396, 398, and 410 are <u>DENIED</u>.

**SO ORDERED.**

May 10, 2022                                    /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE